# Ramsey *v.* Strobach.

### *Action on Account, &c.*

1. *Dismissal of suit for recovery below jurisdiction: when not proper.* — Judgment should not be set aside and the suit dismissed from the circuit court, because of a recovery for an amount below its jurisdiction, when suit was brought for a sum within the jurisdiction, and the plaintiff makes affidavit that the sum sued for is actually due, and that the recovery of the true amount was prevented by any of the specific causes mentioned in section 2708 of the Revised Code.

2. *Deputy sheriff; authority of, to bind principal.* — The full or regular deputy sheriff is a general agent for the sheriff, and may be presumed to have authority to contract for, and charge his principal with, the expense of feeding and keeping live stock upon which the deputy has levied. Instructions limiting the authority of the deputy in this respect will not affect persons dealing with him, unless brought to their notice.

APPEAL from City Court of Montgomery.

Tried before Hon. JOHN D. CUNNINGHAM.

The appellee, Strobach, was sheriff of Montgomery county. An attachment against the estate of one B. W. Ramsey having been placed in his hands, he delivered it to one J. A. Boothe, his regular deputy, to execute. Boothe levied on fourteen mules and some other property on the plantation of said B. W. Ramsey, and made the plaintiff, R. E. Ramsey, his bailee, and as such he took care of the mules and fed them for some time, and also took charge of the other property. The testimony was conflicting as to what, if any, promise Boothe made about paying appellant, R. E. Ramsey, for his services. There was some testimony tending to show that as R. E. Ramsey was then in possession of the plantation, as superintendent, it was expected that the use of the mules would be considered a sufficient equivalent for taking care of them. The plaintiff, however, testified that Boothe promised to pay him for his services. Strobach and Boothe both testified that Strobach's instruction to Boothe were to leave mules on plantations only where the party with whom they were left would not charge for keeping them, and in event this could not be done, to bring them to Strobach's lot, and that this was the only authority Boothe had. The plaintiff, appellant, brought suit in the circuit court against appellee, to recover the amount due for these services, which was laid in the complaint at three hundred dollars. The court charged the jury that the plaintiff was bound to take notice of Boothe's authority to bind defendant, and that the burden was on the plaintiff to prove such authority; that there was no authority vested by law in the deputy sheriff to make contracts to feed and attend to stock levied on under attachment, so as to bind the sheriff personally; that if the jury believed, from the evidence, that Boothe's only authority when he levied on the stock was to

[Ramsey v. Strobach.]

make arrangements to have the stock kept for their work, and if this could not be done, then to put the mules in defendant's lot, the plaintiff was not entitled to recover." To these charges plaintiff duly excepted.

The jury having returned a verdict in favor of the plaintiff for $50, the defendant moved to set aside the judgment and dismiss the suit because the recovery was for a less sum than the jurisdiction of the court.

The plaintiff thereupon filed his affidavit that the " sum sued for is actually due, and that a recovery of that amount was prevented by failure of proof; affiant being taken by surprise by the testimony of defendant as to the extent of Boothe's authority, and not having time to get up witnesses to contradict him in that particular, which testimony affiant can produce."

The court granted the motion, and defendant excepted.

The charges given, and the setting aside the judgment on the verdict, are now assigned as error.

L. A. SHAVER, for appellant. — The language of the old statute (act of 1807) is more peremptory than § 2768 of the Revised Code. The affidavit required by each is identical in substance; yet under our decisions the court, after proper affidavit made, had no discretion but to render judgment for the amount of the verdict. *Cummings* v. *Edmondson*, 5 Port. 145; *McCallister* v. *McDow*, 26 Ala. 453; *McClure* v. *Lay*, 30 Ala. 208; 13 Ala. 460. The words " *to be judged of by the court*" evidently relate to the words immediately preceding: " *or some other sufficient cause.*" The power to feed and care, for the stock is a necessary incident to the power to levy on them. Besides, the regular deputy is the general agent of the sheriff, and secret instructions to the deputy are not admissible against appellant unless brought home to him. Story on Agency, § 85, ed. of 1859; 1 Brick. § 44, p. 56.

STONE & CLOPTON and BLAKEY & FERGUSON, *contra*. — Whoever deals with an agent is bound to know the extent of his authority. *Gullet* v. *Lewis*, 3 Stew. 23; 9 Port. 210; 21 Ala. 317; 27 Ala. 16. The charges given were therefore free from error. Plaintiff's affidavit might have been good if he had stopped at the words " failure of proof; " it goes on to specify in what this failure consisted, and shows not a " failure of proof," but if anything a *surprise* caused by *too much proof* on behalf of his opponent. § 2768 R. C. There is eminent fitness in leaving the causes " *to be judged of by the court,*" especially where " failure of proof " is relied on. " Failure of proof " is *one* cause; the " *other* " causes are to be judged of

[Ramsey v. Strobach.]

by the court without doubt. Why except from the judgment of the court the "failure of proof" when that is relied on? The spirit and reason of the statute forbid it. The words " *to be judged of by the court* " qualify each of the disjunctive clauses in the statute.

MANNING, J. — The plaintiff in this cause having made an affidavit according to § 2768 of the Revised Code, that the amount sued for was actually due, and that " the recovery of the true amount was prevented by failure of proof," — we think the verdict should have been permitted to stand. The words in the section, " to be judged of by the court," are to be referred to the immediately preceding clause, to wit, " or some other sufficient cause." The causes mentioned in the section are to be held sufficient, according to the decisions of this court on the prior similar statute, — more especially as the enactment does not seem to contemplate an issue upon the affidavit, and the introduction of contrary evidence.

By section 817 of the Revised Code, a sheriff is required to " have one deputy, and may have as many as he thinks proper." A full deputy sheriff, as Boothe was, according to the evidence in this cause, must in this State be considered a general agent for his principal. As such he must be presumed, when he seizes goods upon an attachment or execution, to have authority to provide for the safe keeping of them, by committing them to a bailee; and to engage such bailee, if the goods be live-stock, to give them food, water, and proper care. A citizen may undertake such service upon an engagement or at the request of a deputy sheriff, and will be entitled to compensation for the performance of it, upon the presumption that the deputy has authority from his principal to make such an arrangement for the custody and preservation of the property seized. Such a transaction comes within the scope of a sheriff's duty, and may be entered into by his deputy, as his general agent.

If the deputy has instructions limiting his authority in this particular, — the person with whom he deals is not affected by them, unless they be brought to his knowledge.

The authorities referred to by appellee relate to the authority of special agents, — in respect to whom, those who deal with them must at their peril ascertain the extent of the power confided to them by their principals.

The first three charges given by the court and excepted to are in conflict with the law, as herein set forth.

For the errors indicated, the judgment of dismissal is set aside, the judgment on the verdict reversed, and the cause remanded for re-trial in the court below.