HENRY CHAURANT, Appellant, v. HENRY MAILLARD, Respondent.

*Contract by a traveling salesman for a commission on sales — it will not sustain an action for an accounting — the demand therefor does not, where an answer is interposed, preclude the action being treated as one at law.*

A traveling salesman, employed under a contract, by the terms of which he was to have a commission on all sales made by him and on all orders, other than sales made by him, received by his employer, cannot maintain an action against his employer for an accounting.

Where, in such an action, the plaintiff alleges the facts necessary to maintain an action at law for the amount due under the contract, and the defendant therein interposes an answer, the plaintiff, although he has demanded a judgment that the defendant account for all sales made in his behalf by the plaintiff and pay to the plaintiff such sum as shall be found due to him, with interest thereon, is entitled to a money judgment if such a judgment is consistent with the case made by him.

APPEAL by the plaintiff, Henry Chaurant, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of February, 1893, upon the report of a referee dismissing the plaintiff's complaint upon the merits.

*W. C. Beecher*, for the appellant.

*Edward Kaufmann*, for the respondent.

INGRAHAM, J. :

The complaint in this action alleges the making of a contract between the plaintiff and the defendant, whereby the plaintiff was employed as a traveling salesman, and was to have a commission on all sales made by him, and upon all orders other than sales made by him, received by the defendant, either by correspondence or by any other way from all the trade residing within the cities visited by the plaintiff; that the defendant has not paid to the plaintiff the full amount of the said commissions, and the complaint demands judgment that the defendant account for all sales made in his behalf by the plaintiff, and pay to the plaintiff such sums as should be found due to him, with interest thereon. The defendant, by his answer, admits the making of the contract, alleges an account stated and payment, and a counterclaim to which the plaintiff replied. After

the action was at issue, on consent of the parties, all of the issues were referred to a referee to hear and determine. The referee found the making of the contract; that the plaintiff had failed to prove the amount of sales made by him, or the orders received by the said defendant either by correspondence or by any other way from all the trade residing within the cities visited by the plaintiff in the year 1886; that the plaintiff had withdrawn all claim to commissions earned by him in the year 1885, and, as a conclusion of law, that the plaintiff had a complete, ample and adequate remedy at law, and dismissed the complaint. The report of the referee stated the facts found and the conclusions of law separately. There was no finding as to the amount that the plaintiff had earned under his contract, nor of payment by the defendant, and the defendant's counterclaim does not seem to have been insisted upon. Upon the trial it appeared that by the order of the referee the defendant assumed the affirmative, and offered as evidence the defendant's ledger, and proved that a statement was made and delivered to the plaintiff which was introduced in evidence. That statement was not a part of the record, but a summary of it is printed from which it appears that the total amount of plaintiff's commissions to January 1, 1887, with additional commissions for 1885, was $7,726.66, less debit items aggregating $7,586.31, leaving a balance due plaintiff of $140.45. There was no evidence that this balance had been paid and nothing showing that it was incorrect. There was considerable evidence as to the account, but I cannot find that there is anything to impeach the correctness of this account prepared by the defendant over five months after the contract had terminated and furnished to the plaintiff. After this account was introduced in evidence it was agreed between the parties that the plaintiff should withdraw all claims for commissions for the year 1885, and that the defendant should admit that the account was not settled for the year 1886, the defendant waiving the defense of accord and satisfaction for that year. The plaintiff then introduced in evidence a statement taken from the defendant's ledger, a summary of which was introduced in evidence. From that it would appear that the total sales made by the plaintiff to his customers or for which he was entitled to commissions was $211,644.55, while the total sales set out in the defendant's account, dated June 8, 1887, before referred to, was $140,134.24.

The defendant undertook to explain this account, and there was evidence of goods returned by the customers of the house, difference in prices and deductions allowed, but none of these, so far as appears, related to the commissions that were included in the account of June 8, 1887. The action, in the form in which it was brought, asking that the defendant be required to account, could not be maintained. The plaintiff's cause of action, if any, was an action at law to recover the amount due to him from the defendant under his contract. No relations existed between the plaintiff and the defendant which entitled the plaintiff to an accounting. The plaintiff, however, having alleged the facts necessary to maintain an action at law for the amount due under the contract, and the defendant having interposed an answer to the complaint under section 1207 of the Code, the plaintiff was entitled to take any judgment consistent with the case made by the complaint and embraced within the issues. The parties consented to try the issues before a referee, and there was no question as to the right of a trial by a jury, and the burden of proof was upon the plaintiff, not, as assumed by the referee, upon the defendant. The plaintiff was required to prove by a preponderance of evidence that, under his contract with the defendant, he was entitled to a judgment for a sum of money, and, although the defendant assumed the affirmative upon the issues, the case seems to have been tried between the parties without much regard to the form of the action, and all evidence offered by either party relevant to the issues seems to have been accepted and considered by the referee, and, upon the facts as proved, the plaintiff was at least entitled to a judgment for $140.45.

The judgment must, therefore, be reversed and a new trial ordered, with costs to the plaintiff to abide the event.

VAN BRUNT, P. J., RUMSEY, PATTERSON and HATCH, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.