(98 App. Div. 305)

## DAVIS v. SILVERMAN.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. BROKERS—CONTRACT—PERFORMANCE—DEFAULT—PLEADING.

The complaint for brokers' commissions under a contract whereby defendant agreed that, in consideration of S. procuring a contract to be made with E. for purchase of certain land of defendant, S. should receive a commission in the event of the closing of title, and only in the event that title should pass, except for default of defendant, is insufficient in alleging only that S. procured a contract for purchase of the land to be executed by defendant and E., and that because of the default of defendant the premises were not conveyed. It should show that E. was ready to take title under the terms and at the time provided in the contract, and the particular acts or omissions of defendant which prevented the passing of title.

Appeal from Special Term, Kings County.

Action by Hamilton J. Davis against Clementine M. Silverman. From a judgment sustaining a demurrer to the complaint on the ground that it did not state sufficient facts to constitute a cause of action, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Ira Leo Bamberger, for appellant.
J. Charles Weschler, for respondent.

WOODWARD, J. The complaint in this action, to which the defendant's demurrer has been sustained, is certainly confusing. It apparently sets forth two contracts in reference to the same matter, claiming performance under both, and yet, under the one which appears to have been executed in particular, the plaintiff fails to show the facts necessary to entitle him to recover. Paragraph 1 of the complaint alleges the employment of Samuel Gross by the defendant as her broker to sell certain premises known as Nos. 28 and 30 West 131st street, in the city of New York. The second paragraph alleges that Gross "rendered services to the defendant, at her request, as broker, in the sale of said premises, for which work, labor, and services defendant agreed to pay said Samuel Gross the sum of $798." The third paragraph then

alleges that defendant and Gross, on or about the 8th day of September, 1903, entered into a written agreement in reference to the sale of this same property. This agreement recites that: "It is hereby agreed between Clementine M. Silverman and Samuel Gross that in consideration of Samuel Gross, for procuring contract to be made and signed by his sister, Ettie Gross, for the purchase by her of property Nos. 28–30 West 131st street, that the said Samuel Gross shall receive a brokerage of one per cent. (1%) upon and in the event of the closing of title, and only in the event that title shall pass, excepting for the default of the said Clementine M. Silverman." The fourth paragraph alleges generally a promise on the part of the defendant to pay the said Samuel Gross the same commission in the event of his making a sale to any purchaser. In the fifth paragraph he alleges: "In or about the month of September, 1903, said Samuel Gross duly procured for defendant a purchaser of the said premises, and thereupon a contract between the said defendant and said Ettie Gross was duly executed and delivered;" and in the sixth paragraph it is alleged: "Because of the default of the defendant, the said premises were not conveyed to the purchaser by the said defendant, under and in pursuance of the said contract." It appears, therefore, that the services of Samuel Gross, plaintiff's assignor, were performed, not under the general contract of employment, but under the written contract, which required a sale to Ettie Gross; and the brokerage in this case was not to become payable unless there was an actual passage of title, except in the case of default on the part of the defendant. In other words, the contract under which Gross performed his services required that the title to the premises should pass, unless the consummation of the transaction was defeated by the conduct of the defendant, which is the condition which the law would supply if the contract had been silent upon that point. Default means anything wrongful; some omission to do that which ought to have been done by one of the parties (9 Am. & Eng. Ency. of Law, 168); and a mere allegation that "because of the default of the defendant said premises were not conveyed" does not state the necessary facts to show to the court that the defendant did omit to do anything that she was called upon to do. There is no allegation that Ettie Gross was ready, willing, and able to perform her part of the contract at the time fixed in the contract; no allegation that the defendant failed in the performance of any of the conditions named in the contract, or of any other act which the circumstances required of her. The pleader's conclusion that she defaulted is not the statement of a fact which is admitted by the demurrer (Talcott v. City of Buffalo, 125 N. Y. 280, 284, 26 N. E. 263; Bogardus v. New York Life Ins. Co., 101 N. Y. 328, 337, 4 N. E. 522, and authorities there cited), and we are of opinion that, in the absence of facts which constitute in law a default on the part of the defendant, the complaint is defective. This being an action on a contract, it is essential to the legal statement of such a cause of action that it should show an existing contract, and the performance by the plaintiff of such conditions precedent as are thereby provided, or a tender of their performance, or some adequate excuse for nonperformance. Bogardus v. New York Life Ins. Co., 101 N. Y. 334, 4 N. E. 522. Under this rule it would seem necessary to show that Ettie Gross was ready to take title

to the premises under the terms provided in the contract, and at the time named therein, and the particular acts or omissions on the part of the defendant which prevented the passing of title at that time. These are entirely lacking in the complaint, and we are of opinion, therefore, that the demurrer is properly sustained.

The judgment should be affirmed, with costs. All concur.