### WILLIAMS v. FIRE ASS'N OF PHILADELPHIA.

(Supreme Court, Appellate Division, Fourth Department. May 1, 1907.)

1. INSURANCE—ACTIONS ON POLICIES—CONDITIONS PRECEDENT.

Under a policy of insurance providing that no suit shall be maintainable until after full compliance by the insured with all the requirements of the policy, nor unless commenced within 12 months next after the fire, a compliance with the requirements and the commencement of the action within the 12 months were conditions precedent to the maintenance of the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1544.]

2. SAME—PLEADING PERFORMANCE OF CONDITIONS.

Where, by the terms of a policy of insurance, certain requirements are made conditions precedent to the maintenance of an action, their performance must be alleged in the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1593.]

3. SAME—LIMITATION BY PROVISIONS OF POLICY.

Under Code Civ. Proc. § 414, subd. 1, setting out certain exceptions to the operation of the statute of limitations, the parties to an insurance contract may prescribe a shorter limitation of the time for bringing a civil suit than that prescribed by the statute of limitations.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1545.]

4. PLEADING—PERFORMANCE OF CONDITION PRECEDENT—VARIANCE.

Under Code Civ. Proc. § 533, providing that the pleader may state that he has "duly performed" conditions precedent, but, "if that allegation is controverted, he must, on the trial, establish performance," where a party

alleges in his complaint that he has "duly performed" all the conditions precedent to bringing the action, and his allegations are controverted, he cannot establish performance of the conditions by showing a waiver of performance.

5. INSURANCE—ACTIONS—WAIVER OF CONDITIONS PRECEDENT—PLEADING.
    Where a plaintiff relies upon a waiver of conditions precedent to the bringing of an action, he should allege the waiver in his complaint.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1593.]

Appeal from Trial Term, Erie County.

Action by John R. Williams against the Fire Association of Philadelphia. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Eugene M. Bartlett, for appellant.

J. H. Metcalf, for respondent.

.SPRING, J.   A statement of the facts is contained in the opinion of the Presiding Justice.  The policy of insurance contains this provision:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within 12 months next after the fire."

By this clause in their contract the parties made compliance with the requirements in the policy and the commencement of the action within 12 months after the fire conditions precedent to the maintenance of the action.   Clemens v. American Fire Insurance Co., 70 App. Div. 435, 75 N. Y. Supp. 484; Ketchum v. Belding, 58 App. Div. 295, 68 N. Y. Supp. 1099; Meres v. Emmons, 103 App. Div. 381–384, 92 N. Y. Supp. 1099; Reining et al. v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; 4 Encyc. of Pl. & Prac., p. 641; 2 May on Insurance (4th Ed.) p. 1373.   And their performance must be alleged in the complaint.   Cases cited; Thrall v. Cuba Village, 88 App. Div. 410, 84 N. Y. Supp. 661; Rosenstock v. City of N. Y., 97 App. Div. 337, 89 N. Y. Supp. 948; Bogardus v. N. Y. Life Ins. Co., 101 N. Y. 328–334, 4 N. E. 522.

In Clemens v. American Fire Insurance Company, supra, in construing the provision in the insurance contract providing that 60 days must elapse after proofs of loss have been furnished before an action on the policy can be commenced, this court held unanimously that such requirement was a condition precedent to sustain the action and must be alleged in the complaint.   May, in his work on Insurance (volume 2, p. 1373, 4th Ed.), states the rule as follows:

"The petition must always aver the lapse of the time necessary before action can be brought—the 60 days after proof, or other time allowed for payment."

The Encyclopedia of Pleading & Practice (volume 4, p. 641) contains the following:

"So, in an action upon an insurance policy providing that a loss shall not be payable until a certain time after notice and proof of the same, the complaint

must show that the action was not commenced until the lapse of the specified time after the notice and proofs were furnished"—citing many authorities in support of the proposition.

Unquestionably the plea of the statute of limitations and the statute of frauds is ordinarily a defense. The parties to a contract, however, may prescribe that the performance of any requirement is a prerequisite to a recovery, and in that event due performance must be alleged in the complaint, or adequate excuse for failure be averred. The time when an action is to be brought may as well be regulated by the parties as any other condition contained in their agreement. Code Civ. Proc. § 414, subd. 1. In order to obviate the necessity of alleging in detail the facts constituting performance of the conditions precedent embodied in the contract, the pleader is permitted by section 533 of the Code of Civil Procedure to state he has "duly performed" these requirements; but, "if that allegation is controverted, he must, on the trial, establish performance."

The complaint in the present action contained this Code allegation, and the answer set out a general denial and alleged affirmatively that the action was not commenced within the time stipulated in the contract. On the trial the plaintiff did not attempt to show that the action was commenced within one year after the fire. Concededly it was not commenced within that time. He proved facts, under the objection of the defendant, tending to excuse his failure for commencing the action within the prescribed period. He must establish that he "duly performed" all the conditions imposed upon him conformably to the allegation in his complaint. He did not meet this burden by showing waiver of performance. Beecher v. Schuback, 1 App. Div. 359, 37 N. Y. Supp. 325, affirmed on opinion below 158 N. Y. 687, 53 N. E. 1123; Burr v. Union Surety & Guar. Co., 86 App. Div. 545, 83 N. Y. Supp. 756; Brandt v. City of N. Y., 110 App. Div. 396–399, 97 N. Y. Supp. 280; Stern v. McKee, 70 App. Div. 142–146, 75 N. Y. Supp. 157; Ryer v. Prud. Ins. Co., 85 App. Div. 7, 82 N. Y. Supp. 971. If the plaintiff expected to show a waiver of performance by the insured, he must plead it. Elting v. Dayton, 17 N. Y. Supp. 849, 63 Hun, 629, affirmed 144 N. Y. 644, 39 N. E. 493; Fox v. Davidson, 36 App. Div. 159; 55 N. Y. Supp. 524; Allen v. Duch. Co. Mut. Ins. Co., 95 App. Div. 86, 88 N. Y. Supp. 530; Todd v. Union Cas. & Sur. Co., 70 App. Div. 52, 74 N. Y. Supp. 1062. He could not allege due performance with the provisions of the policy, and, when this is denied, change front on the trial, conceding his averment is untrue, and establish facts excusing the performance. If the plaintiff relies upon a waiver, he should apprise the defendant in his complaint of his position. Porter v. Kingsbury, 5 Hun, 597, affirmed 71 N. Y. 588.

It is urged that the plaintiff could not anticipate that the defendant would insist upon the statute of limitations, and, consequently, he was not obliged to allege any excuse for full performance. That might be stated wtih equal propriety as to any other requirement in the insurance contract which is made a condition precedent, for the defendant assuredly may waive any of these provisions. If, however, they are preliminaries essential to the maintenance of the action, the plaintiff must

in his complaint allege either due performance or facts excusing it, and the time limitation in the policy is within this rule of pleading, as well as any other condition. The defendant did not set up the pendency of the arbitration proceeding as a defense. It preferred to stand on the issue of performance. The defendant was not required to interpose the other defense, when it was satisfied that no recovery could be had on the pleadings as they were framed.

The trial judge received the evidence of waiver and granted the motion for nonsuit on the ground that the arbitration agreement was still effective. That issue was certainly not raised by the pleadings. The evidence, in my judgment, was sufficient to permit the jury to find that the arbitration proceedings had been abandoned. Had the court excluded the evidence of the waiver, an amendment to the complaint might have been allowed, and the case eventually been disposed of on the merits. I am therefore in favor of a reversal, so that the issues may be properly set forth in the pleadings, and a trial had on the substantial issues.

Judgment reversed, and new trial granted, with costs to appellant to abide event.

WILLIAMS and ROBSON, JJ., concur.

McLENNAN, P. J. The action was commenced on the 20th day of January, 1905, to recover upon what is known as a "use and occupancy policy"—an insurance or indemnity against loss from being unable to occupy or use the insured property by reason of a fire, not exceeding $15 per day for 150 working days, which was issued and delivered to plaintiff's assignor by the defendant.

Practically the only questions presented by this appeal arise upon the pleadings. The complaint is in the form usual in such cases. It is alleged in substance that on the 19th day of October, 1899, the defendant issued its policy of insurance dated and delivered on that day to plaintiff's assignor, and thereby insured such assignor in the sum of $2,250 against loss of use and occupancy of its factory premises, situate in the city of Utica, N. Y., and of the machinery therein contained, if the same should be disabled by fire during the term of, and under the conditions specified in, said policy; that by reason of a fire so occurring on the 9th day of October, 1900, the loss which is the subject of this controversy was sustained; and that the insured prepared and served upon the defendant proper proofs of loss, as required by, and within the time specified in, the policy. And it is further alleged in the complaint that plaintiff's assignor complied with all the conditions of said policy which he was thereby required to perform to entitle him to recover the amount of loss sustained; that upon demand duly made the defendant refused to pay such loss or any part thereof, and thereupon judgment was demanded for the amount of the same. The policy in question was annexed to and made a part of the complaint and one of the provisions of such policy was as follows:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the in-

sured with all the foregoing requirements, nor unless commenced within 12 months next after the fire."

Concededly this action was not commenced until long after the expiration of said 12 months. The complaint, however, states a good and perfect cause of action against the defendant, unless because of the fact that it appears on the face thereof that such action was not brought within 12 months after the fire occurred, as required by the express provisions of the policy. Such fact, although appearing upon the face of the complaint, did not render it demurrable, because it only constituted a defense if pleaded as such. The statute of limitations is an affirmative defense, and, if relied upon, must be asserted by the defendant, and must always be specially pleaded in actions at law, and can never be availed of otherwise than by special plea. The case of Crane v. Powell, 139 N. Y. 379, 34 N. E. 911, presented the question as to whether or not the statute of frauds must be pleaded, in order to be available to the defendant as a defense, and it was held that such defense must be pleaded in order to be so available. It was said by Judge O'Brien who wrote the opinion of the court (page 388 of 139 N. Y., page 913 of 34 N. E.) :

"The statute of frauds is a shield, which a party may use or not for his protection, just as he may use the statute of limitations, the statute against usury, that against betting and gaming, and others that might be mentioned. I take it to be a general rule of universal application that the statutes last mentioned are not available to a party unless specifically pleaded, and there is no reason for making the statute of frauds an exception to the rule."

The true rule is also stated in general language in Fischer v. Metropolitan Life Ins. Co., 37 App. Div. 575, 579, 56 N. Y. Supp. 260, 263, as follows:

"Under the Code of Procedure, it has been settled for many years that whenever it is necessary for the defendant, by way of defense, to show any fact which, starting with the proposition that there has been a valid contract between parties, operates to defend a claim under it by establishing a subsequent performance or a subsequent forfeiture of it, such performance or forfeiture is an affirmative defense, and must be affirmatively set out before it can be proved."

The defendant in the case at bar fully recognized the correctness of the rule adverted to, and specifically pleaded in its answer that plaintiff's action was barred, because not brought within 12 months after the fire occurred, as required by the express terms of the policy. But, if the complaint was sufficient before the interposition of such defense, did such plea by the defendant render it bad? Or was it incumbent upon the plaintiff to have anticipated that the defendant would plead the time limit, which was entirely optional with it, and because of such anticipated defense to have stated in his original complaint facts showing that such time limit had been waived? We think there is no rule of pleading which imposes such obligation upon the plaintiff; that a plaintiff is not required to allege in his complaint facts showing a waiver of a defense, which may or may not be insisted upon by a defendant, and which, if not specifically pleaded, is waived.

Assuming, then, that the complaint states a good cause of action against the defendant, and it being conceded that the defendant specifically pleaded that the action was barred because not commenced within 12 months after the fire occurred, as required by the policy, what are the rights of the parties under such pleading? Without doubt, at some stage of the litigation the plaintiff was entitled to show that the time limited for the commencement of the action as specified in the policy had been waived by the defendant. A good cause of action having been stated in the complaint originally served, and by the answer thereto practically the statute of limitations having been pleaded by the defendant, was it necessary for the plaintiff to serve a supplemental complaint or a reply in order to prove facts constituting a waiver of the limitation? There is no rule, so far as we have been able to discover, which requires such action on the part of the plaintiff. Under the Code of Civil Procedure a reply is required only where new matter is set up as a defense in the answer.

The precise question now being considered may be illustrated by a case common in the experience of every lawyer: A. brings an action upon a promissory note made by B. It appears upon the face of the complaint that more than six years have elapsed since the note became due and payable, and that the whole amount thereof, principal and interest, is due and unpaid, for which amount judgment is demanded. Such complaint states a good cause of action, notwithstanding it appears upon the face thereof that it is subject to the defense, if pleaded, that the note is "outlawed." The defendant pleads such defense. May not the plaintiff in such case, without any change in the pleadings, prove upon the trial of such action that the statute of limitations had been waived by the defendant? No amendment of the complaint is necessary in order to entitle the plaintiff to make proof of such waiver.

So, in the case at bar, the plaintiff, upon his complaint and under the answer interposed by the defendant, was entitled to show that the defense that the action had not been brought within the time specified in the policy had been waived by the defendant. In this case the defendant interposed a general denial; also pleaded that the action was barred because not commenced within the time limit specified in the policy; also that the plaintiff's assignor kept kerosene or gasoline upon the premises in violation of the express terms of the policy; and, further, that the plaintiff had not used proper means to restore the property to its former state of usefulness as soon as required under the terms of the policy. The issues raised by the last two defenses were not tried, and it is not claimed by the respondent that the judgment of nonsuit can be sustained upon the ground that it was shown that such provisions of the contract had been violated. The parties, so far as it is important to note, went to trial upon the issues raised by the pleadings, eliminating the two last-mentioned defenses. The complaint, so far as we need consider, alleged the issuance of the policy, that while it was in force a fire occurred, which resulted in loss, and for which under its conditions the defendant was liable; the plaintiff having complied with all precedent conditions. The only answer interposed, so far as important to consider upon this appeal,

was that the action was not commenced within 12 months after the fire occurred. Upon such pleadings the plaintiff was entitled to prove any facts tending to show that such time limit had been waived by the defendant, and so without alleging in his original complaint such facts on the assumption that such defense would be interposed, or without serving a supplemental complaint or reply setting up such facts after the interposition of such defense. The authorities to which attention has been called are not in conflict with this proposition. In the case of Fox v. Davidson, 36 App. Div. 159, 55 N. Y. Supp. 524, it was held that:

"When a complaint alleges performance of a contract, the plaintiff may not, without amendment of his pleading, recover by proving that a breach on his part was either waived or justified by the defendant's conduct, unless the latter, by not objecting, consents to such a recovery."

In that case it appeared that the defendant put in issue by general denial the plaintiff's right to recover. No rule could be invoked against the defendant in that case that he waived the nonperformance of the contract by not specifically pleading such defense, as it has been held, in case the statute of limitations is not specifically pleaded, such defense is waived, and therefore in that case it was held, as stated in the headnote above quoted.

In the case of Allen v. Dutchess County Life Ins. Co., 95 App. Div. 86, 88 N. Y. Supp. 530, it was held that:

"Where, in an action upon the policy, the plaintiff pleads a waiver of the provisions of the policy regulating the filing of the proof of loss and certain procedure thereupon, and alleges performance of 'all the other conditions in said policy of insurance on his part,' he is not entitled to prove a waiver of the limitation clause contained in the policy."

In other words, in that case the plaintiff sought to prove under its complaint, which alleged facts tending to show a waiver of the provisions of the policy regulating the filing of proof of loss, that the defendant had waived the 12-month limitation for the commencement of the action, specified in the policy. No suggestion is made in that case to the effect that if the plaintiff had stood squarely upon the provisions of the policy, and the defendant had denied its liability because of failure to commence the action within 12 months, the plaintiff could not have given proof of any facts tending to show that such limitation had been waived.

The case of Todd v. Union Casualty & Surety Co., 70 App. Div. 52, 74 N. Y. Supp. 1062, we think, has no application to the question here involved. In that case it was simply held:

"That the complaint was demurrable, as it alleged simply that the defendant insured the plaintiff upon certain terms and conditions which were not specified, against certain hazards which were not set forth, and that the plaintiff had performed in so far as performance had not been waived—setting forth no facts from which a waiver could be presumed."

We think no case can be found in which it has been held or even suggested that it is incumbent upon a plaintiff, who brings suit to enforce a cause of action which upon the face of the complaint appears to be "outlawed," to allege facts which will show that the statute of limitations has been waived, upon the assumption that the defendant

will plead such statute as a defense, or, when such statute is pleaded, that it is incumbent upon the plaintiff to serve a supplemental complaint or reply setting up facts constituting such waiver in order to entitle him to prove the same. We conclude that under the complaint and answer it was entirely competent for the plaintiff in this case to prove any facts tending to show that the time limit in the policy within which an action could be brought to enforce the same had been waived.

In the case at bar the plaintiff sought to accomplish this result by proving that, shortly after the fire occurred, the parties entered into an arbitration agreement looking to the settlement of the loss, and that such agreement continued in force until shortly before the commencement of this action, when the defendant repudiated the same and refused to proceed further thereunder, and that after such repudiation and refusal this action was brought. The fact that such arbitration agreement had been entered into is not disputed, and we think that the evidence offered by the plaintiff as to defendant's repudiation and failure to proceed thereunder was such as to make a question of fact for the jury, and such as, if found favorably to the plaintiff, would have constituted a waiver by the defendant of the time limit specified in the policy within which an action must be brought.

In the case of Williams v. German Ins. Co., 90 App. Div. 415, 86 N. Y. Supp. 98, an action brought upon a like policy to recover for the same loss, this court held that, while the arbitration agreement was in force and the proceedings thereunder were pending, no action could be maintained upon the policy, and that the time within which such action could be brought, as specified in the policy, did not run during the pendency of such proceedings. In this case, as we have seen, there was proof given tending to show that the proceedings under the arbitration agreement were continued until shortly before the commencement of this action, and that then the defendant repudiated the same, refused to proceed further, and wholly abandoned such proceedings. The learned trial judge seemed to think, and held, that, it being shown by the plaintiff that such arbitration agreement had been entered into and not formally terminated, that fact constituted a bar to the maintenance of this action. We think that such defense, in order to be available to the defendant, should have been pleaded, precisely the same as the statute of limitations, the statute of frauds, and like defenses are required to be pleaded.

But in this case, as we have seen, the pendency of the proceedings under the arbitration agreement was proven by the plaintiff only for the purpose of showing that the time limit specified in the contract did not run during such pendency, and that the same immediately prior to the commencement of this action had been repudiated and abandoned by the defendant, and therefore that it was entirely competent for the plaintiff to bring this action to enforce the contract which his assignor had entered into.

To recapitulate: We conclude that upon the complaint and the answer of the defendant, setting up as a defense the time limit specified in the policy within which an action could be brought, the plaintiff had a right, without any additional allegation or amendment to his complaint, and without reply, to prove any facts tending to show

that the defendant had waived such time limit; that the plaintiff having given proof that an arbitration agreement had been entered into, that the proceedings thereunder had been continued until shortly before the commencement of this action, and were then repudiated and abandoned by the defendant, such evidence presented an issue of fact for the jury as to whether the time limit specified in the contract had not been waived by the defendant, which, if found favorably to the plaintiff, entitled him to recover so far as that issue was concerned; also that if the defendant wished to raise the question that the action was not maintainable because of the arbitration agreement, and because the proceedings thereunder had not been terminated, such defense should have been raised by answer. In this case there was no motion made by either party to amend the pleadings or to make the same conform to the proof. It is concluded that the nonsuit was wrong, and that a new trial should be granted, with costs to the appellant to abide event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.

KRUSE, J. (concurring). I agree with the Presiding Justice that it was necessary for the defendant to raise by answer the objection that the action was not commenced within the time limited by the terms of the policy, as was done by the defendant. Code Civ. Proc., § 413; Hamilton v. Royal Insurance Company, 156 N. Y. 327, 50 N. E. 863, 42 L. R. A. 485; Bannister v. Michigan Mutual Life Insurance Company, 111 App. Div. 765, 97 N. Y. Supp. 843.

2. While, ordinarily, the defendant insurance company could not avail itself of the defense that the arbitration was pending at the time of the commencement of the action, without pleading that defense affirmatively, yet if the plaintiff, for the purpose of avoiding the effect of the failure upon his part to commence the action within 12 months after the fire, as provided by the policy, proved in rebuttal the pendency of the arbitration proceedings without showing that they had been abandoned or terminated, I think the insurance company could avail itself of that fact without specially pleading it, just as a defendant can avail himself of a payment proven by the plaintiff for the purpose of recovering upon a debt which otherwise would be barred by the statute of limitations.

I think the trial judge would have been right in nonsuiting, regardless of the pleadings, had the facts proven by the plaintiff warranted the conclusion, as a matter of law, that the arbitration proceedings were pending at the time of the commencement of the action; but I do not take the view that the evidence conclusively established the pendency of the arbitration proceedings, and I therefore concur in reversing the judgment and granting a new trial.