### DINGWALL v. CHAPMAN et al.

(Supreme Court, Special Term, New York County. April, 1909.)

1. SPECIFIC PERFORMANCE (§ 114*)—CONTRACT TO PURCHASE STOCK—ADEQUATE REMEDY AT LAW—PLEADING.

A complaint by a client against his brokers, alleging that defendants purchased certain corporate stock, for which plaintiff paid, but that defendants refused to deliver the stock, and that the stock fluctuates, is of increasing value, and, if defendants did not deliver the stock, plaintiff would suffer irremediable loss, for which a judgment for damages would afford no adequate compensation, stated no ground for equitable relief.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 114.*]

2. SPECIFIC PERFORMANCE (§ 114*)—COMPLAINT—DEMURRER.

Where a complaint for specific performance did not state facts entitling complainant to equitable relief, which was the only relief demanded, defendant was entitled to have a demurrer to the complaint for want of facts sustained, though from the facts stated a cause of action for money damages could be spelled out.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 114.*]

Action by Alexander W. Dingwall against Elverton R. Chapman and others, doing business as E. R. Chapman & Co. On demurrer to the complaint. Sustained.

Jacob Halstead, for plaintiff.

Gifford, Hobbs & Beard (John D. Fearhake, of counsel), for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J.  The essential allegations of the complaint are that the plaintiff was a customer of the defendants, a firm of bankers and brokers, and that at his request the defendants purchased 400 shares of the capital stock of the Southern Railway Company, which the plaintiff paid for; that the purchases were made at certain prices named; that thereafter the plaintiff demanded delivery of the stock, which was refused.  The complaint also alleges that the said stock fluctuates and is of increasing value, and that, if the defendants do not deliver the same, the plaintiff will suffer great irremediable loss, for which judgment in damages would afford no adequate compensation.  Judgment is demanded that the defendants be adjudged and decreed to deliver the stock, and for such other and further relief, or both, as may be just and agreeable to equity and the practice of this court and as the nature of the case may require.

I am unable to find in this complaint any ground for equitable intervention.  In Gilbert v. Bunnell, 92 App. Div. 284, 86 N. Y. Supp. 1123, the plaintiffs sought specific performance of an agreement to sell certain participating subscription rights in an underwriting syndicate, alleging that such subscription rights were limited in number, and could not be purchased in the open market, and that the profit would be large, but its amount was conjectural, and that there was no basis upon which damages for the breach could be predicated. Notwithstanding this, the court held that there was no more difficulty in establishing the money value of the contract in that case than in the ordinary case where profits are involved.  See, also, Fox v. Fitzpatrick, 190 N. Y. 259, 82 N. E. 1103.

The next question is whether, having clearly chosen to rely solely upon a supposed equitable remedy, the plaintiff is entitled upon demurrer to have his complaint sustained upon the ground that a cause of action for money damages can be spelled out.  Upon this point the decisions of this department are plainly to the contrary.  In Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095, the court pointed out the distinction between cases where an answer has been interposed and cases presented on demurrer, citing Cody v. First Nat. Bank, 63 App. Div. 199, 71 N. Y. Supp. 277, and Swart v. Boughton, 35 Hun, 287, and holding that, where the question comes up on demurrer, a complaint plainly framed for the purpose of obtaining equitable relief and demanding no legal redress should be held bad.

The demurrer must be sustained, with costs, with leave to the plaintiff to amend, upon payment of costs, within 20 days after service of the interlocutory judgment.