KELSEY et al. v. DISTLER et al.

(Supreme Court, Appellate Division, Second Department. June 18, 1909.)

1. SPECIFIC PERFORMANCE (§ 114*)—COMPLAINT—SUFFICIENCY.

Where it is the manifest intent of plaintiff in a suit for specific performance to set up an equitable cause of action and he demands relief afforded only in equity, and his demand for damages is plainly only an assertion of the alternative right if defendant is unable to perform, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complaint must well allege the equitable cause of action, or it is demurrable.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 114.*]

2. SPECIFIC PERFORMANCE (§ 128*)—RELIEF AWARDED—ALTERNATIVE RELIEF.

Where the inability to specifically enforce a contract arises out of some act of defendant, equity, having assumed jurisdiction, may administer the legal remedy as an alternative, but not where the inability to enforce is due to the essential nature of the contract, and in such a case the action fails altogether, and plaintiff is remitted to his action at law.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 415, 416; Dec. Dig. § 128.*]

3. SPECIFIC PERFORMANCE (§ 114*)—CONTRACTS ENFORCEABLE.

A complaint to specifically enforce a contract to procure for plaintiffs authority to represent certain companies, and whereby defendant agreed not to act as their agent himself, and to turn over to plaintiffs in connection with their authority the records of business already done by him under his agency, alleging that other parties defendant had instigated a breach of the contract by defendant to advantage themselves, and by defendant's influence obtained an agency under which they were doing business, does not state a case against such other parties defendant for equitable relief in connection with specific performance against defendant, where the contract was not to procure plaintiffs an exclusive agency, and it is not alleged that such other parties defendant have anything in their possession to which plaintiff would be entitled on specific performance, and it is not apparent that their agency is inconsistent with the enjoyment of every right which would be the plaintiffs' were the contract performed.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 114.*]

Appeal from Special Term, Kings County.

Action by Augustus D. Kelsey and others against Henry Distler and another, impleaded with Alfred Hodges. Judgment for defendants, and plaintiffs appeal. Affirmed on the opinion of Mr. Justice Marean at Special Term.

Mr. Justice Marean delivered the following opinion:

The action is for specific performance of the contract between the plaintiffs and defendant Hodges, a cause of action distinctly different in its identity from their cause of action at law for damages for breach of the contract. Where it is the pleader's manifest intent to set up the equitable cause of action, and where he demands the relief afforded only in equity—where his demand of damages is plainly only an assertion of the alternative right recognizable in equity in a proper case where the defendant is unable to perform—in such a case the complaint must well allege the equitable cause of action, or it is demurrable. It is not enough that there might be selected here and there out of it and assembled together the allegations necessary to an action at law for damages. Some of the cases contain language seeming to cast doubt upon this, but such is not their true meaning. Under section 1207 of the Code of Civil Procedure the power of the court to grant relief unless an answer has been interposed is limited by the demand for relief, and nothing more has been said than that a complaint is not demurrable because its allegations do not show the plaintiff entitled to the precise relief demanded. No case has gone further. It has never been held that, where the whole scope of the action is unmistakably equitable, the defendant has no remedy by demurrer, if, searching through the complaint with a lantern, allegations can be found which assembled together would amount to a cause of action at law for damages triable by jury. The remedy by demurrer was intended to be effectual to terminate summarily without trial actions not maintainable in their general scope and purpose as set forth in the complaint. Upon any other view that remedy becomes a farce unworthy of place in an enlightened system for the enforcement of rights.

Allowing, then, that it is in effect alleged that the demurring defendants instigated the breach of the contract by Hodges in order to advantage themselves (which is the equivalent of malice), and assuming that this was an actionable tort for which damages are recoverable at law, the complaint is nevertheless bad unless it states a case against them for equitable relief in connection with the specific performance of the contract by Hodges. Since the contrary is nowhere alleged, it must be assumed that both the original and the renewed agencies of Hodges for the companies were revocable, and that Hodges had and has no power to assign his agency or delegate his authority. His agreement with the plaintiff was, in effect, (1) to procure the plaintiff from the companies authority to represent them; (2) to refrain from acting as their agent himself; and (3) to turn over to them in connection with that authority the records of business already done by him under his agency. An extension to May 1st of the time for completion of the contract having been made Hodges was within his rights when he procured on February 11th the revocation of plaintiff's authority obtained by him on February 1st. He had a right to pursue his own agency till May 1st. On May 1st Hodges for the first time made default in the obligations of his contract, and it may be conceded that Hodges is liable in damages for the breach; but since the companies were not under his control, and were and are entirely free to grant or withhold authority to act as their agents, and as it is not alleged that they were on May 1st, or now are, ready and willing to grant authority to plaintiff at Hodges' request, the contract is therefore one which in its essential nature under the conditions alleged is not susceptible of being specifically enforced. A court of equity does not entertain jurisdiction in such a case. Where the inability to specifically enforce a contract arises out of some act of the defendant inconsistent with its obligations, equity having assumed jurisdiction may administer the legal remedy as an alternative, but not where the insusceptibility of enforcement is due to something in the essential nature of the contract. In such cases the action fails altogether, and the plaintiff is remitted to his action at law. It follows that the complaint does not state a cause of action in equity against Hodges even, much less against the demurring defendants, relief against whom would be only incidental to the relief against Hodges.

But, suppose I am wrong in this, and that the court will adjudge that Hodges procure and deliver to the plaintiff the authority of the companies (a direction which it cannot enforce) have the demurring defendants in their possession and exercise of an agency for the companies (the allegations of the complaint do not go beyond that) anything which Hodges agreed to deliver to the plaintiff? The allegations of the complaint must be taken to mean only that the demurring defendants have by the influence of Hodges obtained an agency to themselves under which they are doing business. There is no allegation that they have any material thing in their possession which the plaintiff upon a specific performance would be entitled to. The contract of Hodges was not to procure the plaintiff an exclusive agency. It is not alleged even that his own agency was nor that the agency under which the demurring defendants are doing business is exclusive. It is not apparent, therefore, that the agency of those defendants is inconsistent with the fullest enjoyment of everything and every right which would be the plaintiff's if the contract were performed. In no possible view, then, does the complaint state a cause of action against the demurring defendants.

Demurrer sustained, with costs, with leave to amend the complaint as against them on payment of costs.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

F. De Lysle Smith, for appellants.

Edward M Shepard (Alexander B. Siegel, on the brief), for respondents.

PER CURIAM. Interlocutory judgment affirmed, with costs, on the opinion of Mr. Justice Marean at Special Term.