(64 Misc. Rep. 289.)

### PERRIN v. WHIPPLE et al.

(Supreme Court, Special Term, New York County. August 30, 1909.)

1. PLEADING (§ 406*)—DEFECTS AND OBJECTIONS—EFFECT OF ANSWER.

Where a complaint stated a cause of action for equitable relief, and defendants answered, it was immaterial, on a motion by defendants for judgment on the pleadings, whether the cause of action stated was at law or in equity, though the demand for judgment was confined to equitable relief.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1358; Dec. Dig. § 406.*]

2. INJUNCTION (§ 59*)—CONTRACT—BREACH.

Defendant W., having discovered a useful process for insulating cables, requested complainant to secure capital and organize a corporation to manufacture them, agreeing that complainant, if successful, should have such compensation as might be mutually agreed on. Complainant interested defendants S., who agreed to incorporate a company to manufacture and sell the product, and also provided as to the capitalization and disposition of the corporation's stock, and that all the parties including complainant should be employed in various capacities. *Held*, that complainant, though not entitled to specific performance, was entitled to an injunction restraining defendants from organizing a corporation · other than that provided for in the agreement, to exclude complainant.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 59.*]

3. JUDGMENT (§ 570*)—RES JUDICATA—PLEADING.

Where a complaint did not state a cause of action against one of the defendants, a judgment dismissing the complaint as to him was not res judicata as to the other defendants.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1045; Dec. Dig. § 570.*]

4. PRINCIPAL AND AGENT (§ 189*)—AUTHORITY OF AGENT—PLEADING.

An allegation that S. represented one of the defendants in making a contract sued on, without any allegation as to his authority, was insufficient to state a cause of action against the principal, based on the acts of S.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 189.*]

Action by Raymond S. Perrin against Dorris Whipple and others. On motion of defendants Dorris Whipple and H. Bridgeman Smith for a judgment on pleadings. Denied.

Gilbert Ray Hawes, for plaintiff.

William H. Fain (A. Wheeler Palmer, of counsel), for defendant Whipple.

Alger & Simpson (A. Wheeler Palmer, of counsel), for defendant Smith.

GIEGERICH, J. · The defendants Dorris Whipple and H. Bridgeman Smith, after answering separately, move for judgment upon the pleadings under section 547 of the Code of Civil Procedure. A like motion was previously made by the defendant Philip S. Smith, and was granted.

The complaint alleges that prior to the commencement of the action the defendant Whipple had invented or discovered a certain valuable chemical compound and process for insulating electrical cables and for

other purposes, had informed the plaintiff of the discovery and requested him to secure a person or persons who would furnish the necessary capital and organize a corporation for the manufacture and sale of the product, and agreed that the plaintiff, if successful, should have such compensation for his services as might be mutually agreed upon; that the plaintiff induced the defendants H. Bridgeman Smith and Philip S. Smith to agree to furnish the necessary capital, and thereafter an agreement in writing was entered into between the plaintiff, the defendant Whipple, and the defendant H. Bridgeman Smith (the latter representing himself and the defendant Philip S. Smith), whereby the plaintiff's compensation was fixed. A copy of this agreement is annexed to the complaint. By its terms the defendant H. Bridgeman Smith undertook to investigate the commercial value of Whipple's discovery, and, if satisfied, to notify the other parties to the agreement to that effect within 30 days and forthwith to incorporate a company to manufacture and sell the product. The agreement further provided what the capitalization of the corporation should be and the manner in which its capital stock should be disposed of, and further provided that all parties to the agreement should be employed by the corporation in various capacities. Whipple was to write out the particulars of his discoveries, and the writing was to be deposited in a safe deposit box in the name of the company. The complaint further alleges that within the 30 days fixed by the agreement the defendants H. Bridgeman Smith and Philip S. Smith notified the plaintiff and the defendant Whipple of their satisfaction with the said invention or discovery, and promised forthwith to incorporate the company, but that they have since refused and still refuse to do so. The complaint then avers that, in order to deprive the plaintiff of his compensation and of the benefits which would accrue to him under the agreement, the defendants have conspired to and are about to organize another corporation for the same purpose contemplated by the agreement, from which the plaintiff will be entirely excluded, so that he will not receive the shares of stock and salary reserved to him in the agreement. The plaintiff demands judgment that the defendants specifically perform the said written agreement, and that they be restrained from organizing any corporation for the manufacture and sale of the product in question, other than that provided for in the agreement.

It is claimed by the defendants that the plaintiff has an adequate remedy at law, and that the complaint does not state a case for specific performance. It may be that the defendants cannot be compelled to form the proposed corporation, nor the defendant Whipple be required to serve as consulting engineer to the corporation, until it has been created. But upon the facts stated in the complaint, which, of course, must be taken to be true upon the present motions, I do not doubt that the defendants can be restrained from consummating the injury to the plaintiff which they are said to be conspiring to accomplish by the formation of a corporation in which the plaintiff shall have no interest. Although specific performance of the affirmative covenants of the agreement cannot be decreed, it has been decided in this state that the defendants may be restrained from conduct necessarily inconsistent with their agreement, although the latter contains no express negative

covenant against such conduct. Duff v. Russell, 60 N. Y. Super. Ct. 80, 14 N. Y. Supp. 134, affirmed 133 N. Y. 678, 31 N. E. 622.

Damages in the present case would be clearly speculative. It thus appears that the complaint states a cause of action for equitable relief; but, as the defendants have answered, it would seem to be immaterial whether the cause of action stated is one at law or in equity, even though the demand for judgment is confined to equitable relief. Chaurant v. Maillard, 56 App. Div. 11, 67 N. Y. Supp. 345; Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095; Code Civ. Proc. § 1207. See Dingwall v. Chapman, 63 Misc. Rep. 193, 116 N. Y. Supp. 520.

The defendants contend that as the complaint, upon a similar motion by the defendant Philip S. Smith, has been dismissed as against him, that decision makes the law of this case and must be followed upon these motions. But Philip S. Smith was not a party to the written agreement between the other parties to the action, and the authority of the defendant H. Bridgeman Smith to represent him is nowhere averred in the complaint. The mere statement that the latter represented him, without any allegation of his authority to do so, is of course insufficient. Abb. Trial Brief on the Pleadings (2d Ed.) p. 258. It is stated in one of the briefs that the agency was conceded by the defendant Philip S. Smith upon the former motion; but the fact does not appear in the papers before me. The complaint may very well have been dismissed against him, therefore, without prejudicing the plaintiff's case against the other defendants.

The motions must be denied, with $10 costs.