KELSEY et al. v. DISTLER et al.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

1. PRINCIPAL AND AGENT (§ 27*)—CONDITIONAL CONTRACT—LIABILITY.

Where the defendant. agent for several fire insurance companies, as part of a contract of sale of his agency, agreed with the plaintiffs to procure for them authority to represent such companies, the consent of the companies to plaintiffs' agency is a condition precedent to the defendant's liability on the contract, and, upon their refusal to give such consent, he would not be liable.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 27.*]

2. SPECIFIC PERFORMANCE (§ 126*)—CONTRACTS ENFORCEABLE—CONDITIONAL CONTRACT.

Even if a contract by the agent of several fire insurance companies as part of a contract for the sale of his agency to procure for the plaintiffs from the companies authority to represent them were enforceable in equity specifically, the decree could only compel the defendant to endeavor in good faith to secure the agency for the plaintiffs without attempting to direct the companies to accept and retain the plaintiffs as agents.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 401–405; Dec. Dig. § 126.*]

3. SPECIFIC PERFORMANCE (§ 126*)—RELIEF—INTEREST IN SUBJECT-MATTER—PLEADING.

The principal defendant in an action had contracted, as part of a contract of sale of his fire insurance agency, to procure for plaintiffs the agency for several companies, which he then held. At the time for performance he refused to perform, and it was alleged in plaintiffs' complaint for specific performance that he made a sham transfer of his agency to employés in his office who carried on the business of the agency in their name, and who were joined as parties defendants. Held, that there could be no decree of specific performance against these defendants unless the principal defendant upon allegations showing him to be the true owner of the business would be compelled to try to procure the agency for the plaintiff.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 401–405; Dec. Dig. § 126.*]

4. SPECIFIC PERFORMANCE (§ 12*)—NATURE OF REMEDY—ENFORCEMENT INEFFECTUAL.

Courts of equity will not decree specific performance where they are unable to enforce their decrees, but leave complainants to their remedy at law for breach of contract.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 26; Dec. Dig. § 12.*]

5. SPECIFIC PERFORMANCE (§ 126*)—PREVIOUS SHAM TRANSFER—PARTIES—COMPLAINT—DECREE IN AID OF CONTRACT.

A contract was made to the effect that the principal defendant, having the agency of several fire insurance companies, as part of his contract for the sale of his agency, would procure for plaintiffs from the companies authority to represent them, and would himself refrain from acting as their agent and would turn over to the plaintiffs the records of the agency. In a complaint, seeking specific performance of the contract, two others were impleaded as parties defendant; it being alleged that the business of the agency had been transferred to them by a sham transaction, and that they were not the real parties who were carrying on its business. Held that, the companies being willing to accept plaintiffs as their agents, the substantial part of the contract sought to be enforced being the secur-

---

ing of the agency, the court might make a decree directing the principal defendant and the impleaded defendants, on receipt of the purchase price, to turn over to the plaintiff books and papers connected with the agency.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 126.*]

6. SPECIFIC PERFORMANCE (§ 127*)—CONDITIONAL CONTRACT—DECREE ORDERING BOOKS AND PAPERS TURNED OVER—ACCOUNTING.

Where a decree orders a turning over to the complainant of defendant's books and papers in aid of the performance of the contract, such decree may also carry the incidental remedy of an accounting also sought by the complaint.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 406–411; Dec. Dig. § 127.*]

Appeal from Special Term, Kings County.

Action by Augustus D. Kelsey and others against Henry Distler and William Van Inwegen, impleaded with Alfred Hodges. From an interlocutory judgment sustaining a demurrer to an amended complaint, plaintiffs appeal. Reversed, and demurrer overruled.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

F. De Lysle Smith, for appellants.

Edward M. Shepard (Alexander B. Siegel, on the brief), for respondents.

CARR, J. This is an appeal from an interlocutory judgment sustaining a demurrer to an amended complaint. The original complaint was likewise demurred to, and the demurrer sustained by the Special Term, whose decision was affirmed by this court on the opinion of the trial court. Kelsey v. Distler, 133 App. Div. 916, 117 N. Y. Supp. 1084. The question involved in this appeal is whether the complaint as amended states a cause of action against the defendants Distler and Van Inwegen, who again demur, the defendant Hodges having answered. The amended complaint is somewhat voluminous, but its salient facts may be stated briefly. The defendant Hodges was the local agent, in the borough of Brooklyn, of several fire insurance companies. He received applications for insurance from his clients, and submitted them to his principals. If the insurance was accepted, he received from his companies a commission on the premiums paid on the policies issued. Whether these agencies of Hodges were exclusive for the borough of Brooklyn does not appear. He entered into an agreement to sell and transfer these agencies to the plaintiffs for the sum of $7,500, and to deliver to them all his maps, papers, and supplies relating to them. To carry out this scheme of sale, it was necessary, of course, that the fire insurance companies, of which Hodges was the agent, should accept the plaintiffs as their local agents, instead of Hodges, and this was done temporarily, and certificates of such agencies were issued by the respective companies to the plaintiffs. Subsequently, and before the time agreed upon between the plaintiffs and Hodges for the completion of the transaction of sale, these fire insurance companies withdrew their certificates of agency which had been issued to the plaintiffs, and reinstated Hodges

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as their local agent. When the time came for Hodges to perform his agreement with the plaintiffs, he refused to perform, although the plaintiffs tendered to him the price agreed upon. Thereafter he appears to have transferred these agencies, so far as he could do so, to the defendants Distler and Van Inwegen, who were then, and had been for many years, his clerks. The fire insurance companies in question then accepted Distler and Van Inwegen as their local agents in place of Hodges, and the business went on in the name and under the apparent control of these former clerks.

The amended complaint alleges that this subsequent transaction between Hodges and these other defendants was but nominal, and that Hodges is still the real party carrying on the business, and that the defendants Distler et al. are but employés of Hodges, receiving compensation either by regular wages or on a percentage basis. The amended complaint demands judgment against all the defendants for a specific performance of the agreement made by Hodges, together with an accounting by the defendants of all the business done under these agencies since, the date on which the original agreement should have been performed. In support of this claim, it is alleged that Hodges was induced by the other defendants to break his agreement with the plaintiffs in order that they might profit by the breach, and this conduct is alleged in general language to have been fraudulent as to the plaintiffs, though there is no specification of the alleged fraud. It is further alleged in general language that these defendants by fraudulent representations or concealments procured the respective fire insurance companies to withdraw the certificates of agency which had been issued to the plaintiffs, as above described; and again there is no specification of the alleged fraud. While the remedy of specific performance and an accounting is sought, the complaint demands also, as an alternative remedy, damages against all the defendants for the breach of the contract by Hodges. The amended complaint is quite like the original complaint, except in several particulars. In the original complaint the allegation as to the transaction between Hodges and the demurring defendants was that of an absolute sale or transfer, while in the amended complaint this transaction is set forth as a sham or pretense, and that Hodges is still the true owner of the business.

The original complaint failed to allege that at the time of the breach by Hodges the fire insurance companies in question were, and that they now are, willing to accept the plaintiffs as their agents. This defect was pointed out in the opinion of the learned Special Term on the first demurrer. However, there is an attempt to remedy this defect in the amended complaint by an allegation of such past and present willingness on the part of these third parties. Neither in the original nor in the amended complaint is there any allegation that the agencies which Hodges undertook to transfer were irrevocable as between the agent and the insurance companies. On the demurrer to the original complaint, the court had before it, as a pleaded exhibit, the written contract between the plaintiffs and Hodges. The terms of this contract are not pleaded in the amended complaint.

but only its claimed legal effect. But this claimed legal effect is no greater than what the court on the first demurrer spelled out of the contract before it, as follows:

"His [Hodges'] agreement with the plaintiff was in effect: First, to procure for the plaintiff from the companies authority to represent them; second, to refrain from acting as their agent himself, and, third, to turn over to them in connection with that authority the records of business already done by him under his agency."

It is needless to say that this contract did not bind Hodges absolutely to obtain for the plaintiffs the agencies in question, for, as the principals had a right to select their own agents, they might have refused, and there would have been no actionable breach by Hodges. Again, they might on the request of Hodges have selected the plaintiffs as their agents, and then have revoked subsequently such agencies, and, in turn, again select whomsoever they pleased, including these demurring defendants. Assuming that the contract between the plaintiffs and Hodges is enforceable in equity specifically, the decree of the court could go no further than to compel Hodges to endeavor in good faith to secure these agencies for the plaintiffs, for assuredly it could not direct these companies to accept and retain the plaintiffs as agents. There can be no decree of specific performance against the demurring defendants unless there could be one against Hodges. If Hodges can be compelled to try to secure the agencies for the plaintiffs, a cause of action is stated against the defendants only on the allegations of the complaint that they are but the nominal owners of the business, and that Hodges is still the true owner. The substantial part of the contract sought to be enforced is the securing of the agencies, not the turning over of maps, etc., which, while important, is merely incidental and auxiliary. The most that the court could do would be to direct Hodges to make an honest effort to secure these agencies for the plaintiffs. It is well settled that courts of equity will not decree specific performance where they are unable to enforce their decrees, for they will not risk their dignity and usefulness in apparently vain and futile performances. Under such circumstances, they will leave the plaintiffs to seek their remedy at law for a breach of the contract.

However, it is alleged in the amended complaint that the insurance companies in question were at the breach of the contract, and now are, willing to substitute the plaintiffs as their local agents, instead of Hodges, and this allegation must be assumed to be true for the purposes of this argument. Likewise it is alleged that the demurring defendants are simply acting as agents, and running the business, not as real owners thereof, but as a cloak for Hodges, and this must likewise be assumed to be true for the purposes of this argument. Therefore the primary relief these plaintiffs seek as against Hodges can be accomplished apparently by directing Hodges and the demurring defendants, on receipt of the purchase price, to turn over to the plaintiffs the various books and papers described in the contract as connected with the agencies in question. A decree for such relief may carry with it the incidental remedy of an accounting from the

period in which Hodges should have performed, assuming the allegations of the complaint as established. If this amended complaint had set forth, as did the original complaint, that these demurring defendants had bought the business from Hodges on their own account, and held the agencies in question accordingly, and not as cloaks for Hodges, then there would be no reason why there should now be any different disposition of the demurrer. The change of allegations in the two complaints has presented a different question of law, and we are of opinion that the amended complaint sets forth a cause of action in equity as against all the defendants.

The interlocutory judgment should be reversed, with costs of this appeal, and the demurrer overruled, with leave to the defendants to answer on payment of $30 costs, within 20 days. All concur.