KOSOVITS v. NEW YORK FIRST HUNGARIAN ST. STEPHEN'S ROMAN CATHOLIC AND BENEVOLENT SOCIETY OF MEN AND WOMEN.

(Supreme Court, Special Term, New York County.   May, 1911.)

1. PLEADING (§ 17*)—POSITIVENESS OF ALLEGATIONS—PERFORMANCE BY PLAINTIFF.

Where plaintiff's complaint in a suit against a benevolent society alleged that plaintiff as treasurer deposited with it a sum of money as security for the faithful performance of his duty, to be returned to him at the expiration of his term, and that his term has expired, there are insufficient allegations of plaintiff's performance.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 38; Dec. Dig. § 17.*]

2. ACCOUNT (§ 4*)—FIDUCIARY RELATIONS.

To sustain an action of accounting between parties in a fiduciary relationship, it must appear that an accounting is necessary to determine

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the amount due, and that the party called to account has been intrusted with property of the plaintiff, and is bound to show his dealings with it.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 13, 14; Dec. Dig. § 4.*]

3. REFORMATION OF INSTRUMENTS (§ 30*)—FORM OF REMEDY—BOOKS OF ACCOUNT.

Where plaintiff's remedy, if any, for the recovery of a deposit made to secure the performance of his duties as defendant's treasurer, is at law, he need not go into equity to obtain a correction of the books, since the fact of an incorrect entry can be explained in the action at law.

[Ed. Note.—For other cases, see Reformation of Instruments, Dec. Dig. § 30.*]

4. PLEADING (§ 193*)—DEMURRER—NATURE OF ACTION.

Where a complaint mistakenly demands equitable relief solely, the cause of action set out therein must, on demurrer, be tested as one in equity.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 193.*]

Suit by Frank Kosovits against the New York First Hungarian St. Stephen's Roman Catholic and Benevolent Society of Men and Women. On demurrer to the complaint for insufficiency. Demurrer sustained.

Max Steindler, for plaintiff.
S. S. Rotter, for defendant.

GIEGERICH, J. [1] The plaintiff alleges that he was the treasurer of the defendant for the period of about 18 months; the last term for which he was elected expiring in January, 1911. The complaint further alleges that the plaintiff "as such treasurer, in compliance with the laws of the defendant corporation, deposited with the defendant the sum of three hundred ($300) dollars as security for the faithful performance of his duties as such treasurer, and the same to be returned to this plaintiff at the expiration of his term, which term has expired the first meeting in January, 1911." The right to a return of the moneys so deposited is maintained by the plaintiff, but the complaint wholly fails to state that the plaintiff has performed the duties of his office during the period in question. This essential prerequisite is not met by the allegation that the sum so deposited was to be returned to the plaintiff at the expiration of his term. Such allegation must be construed to mean that such deposit was to be returned to the plaintiff upon the expiration of his term, provided he fully and faithfully performed the duties of his office. Performance or tender of performance is essential to a recovery of the sum so deposited (Bogardus v. New York Life Ins. Co., 101 N. Y. 328, 4 N. E. 522; Davis v. Silverman, 98 App. Div. 305, 90 N. Y. Supp. 589; Fulton v. Varney, 117 App. Div. 572, 102 N. Y. Supp. 608; Williams v. Fire Association of Philadelphia, 119 App. Div. 573, 104 N. Y. Supp. 100), and the failure to allege one or the other of these conditions precedent to a recovery would render the complaint clearly insufficient even in an action at law. It sufficiently appears from the

allegations of the complaint that if the plaintiff performed the duties of his office he is entitled to recover a definite and fixed sum over and above all sums to be charged against him, viz., the said sum of $300, so deposited by him, and that hence an accounting is not necessary in order to determine the amount due.

[2] The plaintiff has not submitted a brief, but it is evident from a reading of the complaint that the right to an accounting, which is prayed for, is sought upon the theory that there is a fiduciary relationship between the parties; but in such an action it must appear, not only that an accounting is necessary to determine the amount due, but that the party called to account has been intrusted with property of the plaintiff and is bound to show his dealings with it (Seaward v. Davis, 133 App. Div. 191, 193, 117 N. Y. Supp. 468), which is not the case here.

[3] Another prayer for relief is that the entry of an item of $360, or thereabouts, entered by the plaintiff in his books, be corrected by changing that amount to $116. There is no occasion, however, to come into a court of equity to procure a correction of the books. The plaintiff's rights do not depend upon the books, but upon the facts of the case. If the entries in the books are wrong, they can be explained in an action at law as well as anywhere else. It is thus apparent that the plaintiff has stated no cause of action either at law or in equity, and it seems clear that if he has any cause of action it is a simple action at law to recover the amount of his deposit.

[4] Even if the elements necessary to constitute such a cause of action were here stated, the demurrer would nevertheless have to be sustained, for the reason that the plaintiff has demanded equitable relief solely, and his cause of action must consequently be tested as one in equity. Black v. Vanderbilt, 70 App. Div. 17, 74 N. Y. Supp. 1095; Kelsey v. Distler, 133 App. Div. 916, 117 N. Y. Supp. 1084; Dingwall v. Chapman, 63 Misc. Rep. 193, 116 N. Y. Supp. 520.

The demurrer is therefore sustained, with costs, with leave to the plaintiff to amend within 20 days on payment of such costs.