## COMMONWEALTH *vs.* SAMUEL R. TOWNSEND.

The judge before whom a criminal case is tried has discretionary power to discharge the jury from their deliberations on the verdict at such hour as he sees fit. And if he has given orders to the officer to discharge them at a certain hour in the night, if they have not then agreed, and the officer at that hour ascertains that they have not agreed, and accordingly informs them that they are discharged, they have no authority to agree upon a verdict afterwards; and a verdict afterwards agreed upon will be set aside.

METCALF, J. The only question for our decision in this case is, whether the superior court rightly refused to set aside the verdict

which was returned against the defendant. All the other exceptions, which were taken to the proceedings of that court at the trial, have been waived. As to the verdict, the bill of exceptions is as follows :

" At six o'clock P. M. the jury were sent out in charge of an officer duly sworn to take charge of the jury, as required by law. Upon the return of the jury at the opening of the court the following morning, a sealed verdict of guilty was then rendered. Motion was made by the defendant's counsel to set the same aside, because it was made up after the jury were discharged by the court, and because, when discharged by order of the court, they had not agreed, and because of irregularity in the proceedings of the jury.

" It appeared that the sheriff instructed the officer, who had charge of the jury, about eleven o'clock P. M., if the jury did not agree by one o'clock, the order of the court was to discharge them. At just one o'clock, he opened the door and asked them if they were agreed. One of the jury replied that they had not. He asked if there was any prospect of their agreeing ; to which another juryman replied, ' some time hence.' He then inquired of the foreman if they had agreed. He replied that they had not, and asked him to retire for a few minutes and allow them further time. He retired and remained in the room opposite, in sight of the jury room door, ten or fifteen minutes, hearing nothing from them, went in again and told them they were discharged by order of the court. One of them said, ' give us five minutes more.' He said, ' not a minute ; I have discharged you.' The foreman was writing at the desk, and the officer retired again. In ten or fifteen minutes, they knocked and said they had agreed, and inquired if he would take the verdict. He replied that he had nothing to do with the verdict, but the foreman must keep the papers. When they left the court-house, he looked at his watch, and it was twenty-five minutes to two o'clock. During all this time, the jury remained in their room, and no one had access to them ; and the officer remained outside in another, as he had before, with the exception that after one o'clock the door was not locked as it had been before.

" While the jury were out, and before the court adjourned at night, it was agreed by the district attorney, and consented to by the defendant, that the jury might, if they agreed, seal up their verdict, separate, and return it into court in the morning."

The court are of opinion that the verdict ought to have been set aside, for the reason that the jury, before they agreed upon it, had been lawfully discharged from the consideration of the case.

By the law of this commonwealth, courts have discretionary power, in all cases, criminal as well as civil, to discharge a jury, after they have deliberated so long, without coming to an agreement, as to satisfy the court that further attempts to agree will be unavailing. *Commonwealth* v. *Bowden,* 9 Mass. 494. *Commonwealth* v. *Purchase,* 2 Pick. 521. In the latter case, it was said by Parker, C. J., that the course of justice cannot be pursued without this discretionary power in the court. The time when this power shall be exercised is also a matter of discretion ; and no exception to its exercise can be sustained on the ground that it was sooner than it ought to have been. Such also we derstand to be the present law in England, as it is the law in New York. *Regina* v. *Newton,* 3 Cox C. C. 489, and 13 Ad. & El. N. S. 716. *Regina* v. *Davison,* 8 Cox C. C. 360. *The People* v. *Green,* 13 Wend. 55. See also *United States* v. *Perez,* 9 Wheat. 579. *United States* v. *Haskell,* 4 Wash. C. C. 402.

The order of the court, in this case, was to discharge the jury, if they should not agree by one o'clock in the morning — seven hours after the case was committed to them. They had not agreed at that hour, and the officer, soon after, discharged them, as ordered by the court.

While we do not doubt the authority of the court, in its discretion, to order the discharge of a jury after seven hours' disagreement, yet a much preferable course would be to direct the officer, who has charge of them, that if they should not agree by a certain hour, he should inquire of them whether they were likely to agree, and if told by them that they were not, then to discharge them. Such is the course adopted by the members of this court, in cases like this, whenever they

give any order to the officer, as to discharging the jury before they have applied to the court, through the officer, to be discharged. This course prevents a premature discharge.

*Verdict set aside.*

*B. R. Curtis,* for the defendant.

*Foster, A. G.,* for the Commonwealth.