(90 App. Div. 413.)

### WILLIAMS v. GERMAN INS. CO.

(Supreme Court, Appellate Division, Fourth Department. January 19, 1904.)

1. INSURANCE—APPRAISAL—ABANDONMENT OF APPRAISAL—ACTION.

Where, under a fire policy providing that, in the event of disagreement as to the loss, the same shall be ascertained by appraisers, an agreement to appraise a fire loss has been entered into between insured and insurer, in the absence of evidence of bad faith on the part of in-

surer the insured is not justified in abandoning appraisal and resorting to an action on the policy.

2. SAME—APPRAISAL—WAIVER—EVIDENCE.

A fire policy provided that, in case of disagreement as to the loss, the same should be determined by an appraisal. August 8th an agreement was made to submit the loss under a policy to appraisal. No meeting of the appraisers was had until October 7th, the appraiser named by the insured not being able to proceed when requested, but at that meeting the appraisers looked over the property, and agreed to make inquiries as to certain names submitted to them for the purpose of choosing an umpire. On October 8th the insured commenced an action on the policy. *Held*, that there was no evidence of any waiver by the insurer of its rights to an appraisal.

3. SAME—APPRAISAL—ACTION—TIME LIMITATION—RECONCILIATION OF PROVISIONS.

Where a fire policy provides that no action shall be commenced more than 12 months after the fire, and also that no action shall be brought until 60 days after an award by appraisers, the provisions are to be construed as meaning that in the event of appraisal the time is extended until 60 days after an award, but that in the absence of any reason for extension growing out of an appraisal the action must be brought within 12 months.

4. SAME—TIME LIMITATION—ESTOPPEL.

A fire policy provided that any action thereon must be commenced within 12 months after the fire. Within a few days before the expiration of the 12 months, and after steps had been taken toward an appraisal, the insured wrote the insurer, asking for an extension of time within which a suit might be brought, and the attorney for the insurer replied that the policy protected the insured, in that it provided that no action could be brought until 60 days after an award on the appraisal. *Held*, that the insurer was estopped from claiming under the 12-months limitation.

Appeal from Trial Term, Oneida County.

Action by John Williams, as receiver, against the German Insurance Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Seward A. Simons, for appellant.
Cookinham, Sherman & Martin, for respondent.

STOVER, J. This action was brought upon a policy of insurance containing a use and occupancy clause. The policy contained these provisions:

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal, or to any examination herein provided for, and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

The provision as to appraisal is as follows:

"In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences

to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them, and shall bear equally the expenses of the appraisal and umpire."

By another clause of the policy it was provided:

"No suit or action on this policy for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

A fire causing loss under the policy occurred on October 9, 1900. Proof of loss was filed by the insured, and an offer of appraisal was made. On August 8, 1901, an agreement to submit to appraisers was made, by which it was agreed that the matter in difference should be submitted to two appraisers named, and that the two appraisers named should select an umpire, all under and in compliance with the above-quoted clause of the policy relating to appraisal. The appraiser named by the insured was not able to proceed at once when requested, and without any fault of either party a meeting of appraisers was not had until October 7, 1901, at which time the appraisers met and looked over the property, but did not choose an umpire, but upon separating agreed to make inquiries as to several names submitted, so as to be able to choose. Before another meeting of the appraisers, and on the 8th day of October, 1901, this action was commenced.

On September 30, 1901, plaintiff's attorney wrote to defendant's attorney requesting that a stipulation be given extending the time to bring action until 30 days after completion of appraisal, to which defendant's attorney replied by telegram and letter that the policy protected the insured, and provided that no action could be brought until the lapse of 60 days after the award by the appraisers, and that no stipulation was necessary to protect plaintiff.

We think the principle involved in Silver v. Western Assurance Company, 164 N. Y. 381, 58 N. E. 284, is applicable to this case; that is, that when an agreement to submit to appraisal has been entered into both parties are bound to act in good faith, and when there is no evidence that the insurer is acting in bad faith, either in the execution of the agreement or for the purpose of defeating its object, the insured is not justified in abandoning the proceedings and resorting to an action to recover the amount of the loss. It is claimed that the insurer waived its rights to an appraisal, and the trial court submitted to the jury the question, "Did the defendant waive its rights to an appraisal under the policy and under the agreement for appraisal set out in the complaint in the second count?" and the jury found affirmatively upon this question. We think this was error. There is no evidence in the case upon which it could be said that defendant had waived its rights. Upon the contrary, it was proceeding in carrying out the appraisal. It was not responsible for the delay in making the agreement from October to August, and after the making of the agreement it was the plaintiff's appraiser who was unable for several weeks to attend to the business of appraisal. An examination of the evidence does not disclose anything upon which a finding of waiver can be based.

But it is claimed that plaintiff would have lost his right of action upon the expiration of 12 months from the time of the fire. We do not think this well founded. The apparent inconsistency between the provisions of the policy as to beginning an action within 12 months after the fire, and the one providing that an action shall not be brought until 60 days after an award by appraisers, disappears when considered as applicable to different conditions. So they may be construed as meaning that in the event of appraisal the time is extended until 60 days after an award; but in the absence of any reason for extending, growing out of the appraisal, the action must be brought within one year.

Under the evidence in this case no action could be brought until after 60 days from the making of the award. We are not now considering the effect of the bad faith of either party, or any circumstances that might defeat the making of an award, for the reason, as above stated, that the evidence does not disclose any fact upon which such consideration can be based; and, while there might be cases in which an appraisal might be abandoned, none is suggested by the evidence here.

The waiver, if any is to be predicated upon the testimony, was of the limitation to 12 months, both by necessary inference from the acts of the parties, and by the actual notice given by the attorney when asked for a stipulation extending the time. Defendant had construed that clause as not effective, and had effectually estopped itself from asserting its force. Having entered into the agreement of appraisal, both parties were bound to proceed in good faith, and the insured, as well as the insurer, was bound to proceed to an award, and to do nothing to prevent a determination. We do not discuss other questions presented on the appeal, as the judgment must be reversed for the foregoing reasons.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. Upon questions of law only. All concur.