JOSEPH E. PARIS *vs.* HAMBURG-BREMEN FIRE INSURANCE
COMPANY OF GERMANY.

Essex.   November 5, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Insurance,* Fire.   *Referee.   Waiver.*

R. L. c. 118, § 60, in regard to the appointment of referees in case of a loss by fire
under a policy of insurance in the Massachusetts standard form, provides, that,
after two referees have been chosen in the manner specified, " in case of the
failure of two referees, chosen, respectively, by the insurance company and the
insured, to agree upon and select within ten days from their appointment a
third referee willing to act in said capacity, either of said referees or parties
may within twenty days from the expiration of said ten days make written ap-
plication, setting forth the facts, to the insurance commissioner to appoint such
third referee." *Held,* that, in case of the failure of the two referees to agree
upon a third within ten days after their appointment, they still have the power
to agree upon a third referee within a reasonable time after the expiration
of the ten days, so long as no application has been made to the insurance
commissioner.

R. L. c. 118, § 60, in regard to the appointment of referees in case of a loss by fire
under a policy of insurance in the Massachusetts standard form provides, that,
after two referees have been chosen in the manner specified, " in case of the
failure of two referees, chosen, respectively, by the insurance company and the
insured, to agree upon and select within ten days from their appointment a third
referee willing to act in said capacity, either of said referees or parties may
within twenty days from the expiration of said ten days make written applica-
tion, setting forth the facts, to the insurance commissioner to appoint such third
referee." When a loss had occurred under such a policy, and two referees had
been appointed and had failed to agree on a third within ten days, the insured,
instead of applying to the insurance commissioner, notified one of the referees
appointed by the parties that he wanted to have a third referee appointed by
the insurance commissioner. About twenty days after their appointment, the
two referees agreed upon and selected a third referee. The insured declined to
abide by this selection, and submitted three more names to the insurance com-
pany for a choice of one of them, and asked for the appointment of new referees.
In response, the attorney of the insurance company wrote to the insured that
the company would not waive its right to have the loss determined by the ref-
erees already chosen, and, that, without waiving such right, and insisting on the
validity of the submission, the company chose one from the three names pre-
sented by the insured, and submitted three names on its own part, one of which
the insured selected and notified the defendant's attorney that he had done so.
The insurance company afterward refused to sign the reference agreement re-
quested by the insured, and the insured brought an action on his policy. *Held,*
that the selection of the third referee by the two originally chosen was legal,
and that the defendant was right in insisting on the validity of the original

submission and in refusing to waive its right to have the loss determined by the three referees chosen under it; and *it was said*, that, even if this were not so, the plaintiff could not recover on the policy, because he did not obtain the appointment of a full board of referees by an application to the commissioner at the expiration of the ten days, which was the only way in which he had a right to obtain it. *Held, also,* that there was no waiver on the part of the defendant, because its choice of one of the three names presented for a new reference and the submission of three new names on its part were accompanied by a full and express statement of its insistence that the loss should be determined by the referees already chosen and a refusal to waive its rights in that regard.

CONTRACT on a policy of fire insurance in the Massachusetts standard form, in the sum of $2,000, issued by the defendant on October 1, 1903, for one year, upon the stock in trade of the plaintiff which was wholly destroyed by fire on May 31, 1904. Writ dated November 7, 1904.

In the Superior Court the case was tried before *Hardy,* J. The only evidence offered was the report of an auditor, who found that the policy was duly issued, that there was a total loss exceeding the amount named in the policy and that proof of loss was made in compliance with the terms of the policy. He also found the facts in regard to the action of the parties under the arbitration clause in the policy which are stated in the opinion.

The judge ordered a verdict for the defendant, and reported the case for determination by this court. If upon the evidence the judge was justified in ordering a verdict for the defendant, judgment was to be entered upon the verdict; otherwise, judgment was to be entered for the plaintiff in the sum of $2,040, with interest from November 7, 1904.

*J. P. Sweeney,* for the plaintiff.

*F. W. Brown,* for the defendant.

KNOWLTON, C. J.   This is an action to recover under a policy of fire insurance in the Massachusetts standard form.   The parties were unable to agree upon the amount of the loss, and there has been no reference to arbitration to determine this amount, as required by the policy.   By the terms of the policy, " such reference unless waived by the parties shall be a condition precedent to any right of action in law or equity to recover for such loss." *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230, 234.   The question in the case is whether the

plaintiff has shown conduct on the part of the defendant from which a waiver may be inferred.

The contract provides that the reference shall be " to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen." The plaintiff and the defendant each chose one out of three persons named by the other, but these two did not speedily agree in the selection of the third. In the R. L. c. 118, § 60, there is a provision to enable the parties to go on with the reference, as follows: " And in case of the failure of two referees, chosen, respectively, by the insurance company and the insured, to agree upon and select within ten days from their appointment a third referee willing to act in said capacity, either of said referees or parties may within twenty days from the expiration of said ten days make written application, setting forth the facts, to the insurance commissioner to appoint such third referee ; and said commissioner shall thereupon make such appointment and shall send written notification thereof to the parties." The two referees failed to make their selection within ten days. The plaintiff, instead of applying to the insurance commissioner, notified Carter, one of the two referees chosen by the parties, that he desired to have the third referee appointed by the insurance commissioner. About twenty days after their appointment, the two referees agreed upon and selected one Smith as the third referee. The plaintiff declined to abide by the selection, because it was not made within ten days of the appointment of the two original referees. He did not make application to the insurance commissioner, but submitted three more names to the defendant for a choice of one of them, and asked for the appointment of new referees. In reply to this request the defendant's attorney wrote as follows: " The Hamburg-Bremen Fire Ins. Co. will not waive its right to have the loss or damage determined by the referees already chosen in the absence of any statement from you of any valid reason why the submission is not proper. Without therefore waiving such right, or in any way impairing it, but expressly insisting on the validity of such submission the Hamburg-Bremen chooses from the three names submitted in your letter of Sept. 20th, William H. Hamel of Lawrence and

submits the following names on its part." Then followed three
names. The plaintiff selected one of these, and his attorney
notified the defendant's attorney of his selection by letter, add-
ing, "If you care to send form of agreement, we will have our
client sign it." After waiting twelve days without receiving a
reply, he sent the defendant's attorney reference agreements,
requesting that they be signed. The defendant's attorney re-
plied, saying that his client was unwilling to sign them. The
plaintiff's attorney then wrote the defendant's attorney, referring
to his last letter as a refusal of the defendant to enter into an
agreement of reference under the statute, and requesting a return
of the agreements which had been sent. To this the defendant's
attorney immediately replied, saying that the letter was not in-
tended as a refusal to enter into any reference to arbitration
under the terms of the policy, but a declination to sign the ref-
erence agreements referred to, and he enclosed the agreements as
requested. The suit was brought immediately after the refusal
to sign the agreements.

The first question is, What is the effect of the provision author-
izing an application by either party to the insurance commis-
sioner, if the two referees fail to agree upon a third within
ten days of their appointment? Does it *ipso facto*, at the ex-
piration of ten days, terminate the power of the referees to
select a third, before an application is made to the commis-
sioner, even though both parties should desire it; or, is it a
provision that may be availed of by either party or by either
referee to secure a working board of referees, that does not
affect the power of the two referees to act within a reason-
able time after the expiration of ten days, so long as there is
no application to the insurance commissioner?

The contract contained in the policy is that the board of
referees shall be made up of two persons selected by the par-
ties, and a third selected by these two. Formerly this could
be done within a reasonable time, and no limitation was im-
posed by statute until the enactment of the St. 1891, c. 291,
which added this provision as an amendment, in the form now
found in the Revised Laws, except that the right to make appli-
cation to the insurance commissioner was given only to the par-
ties, while now it is also given to each of the referees. There is

no express provision limiting the power of the referees, so long as no action is taken under the authority of this provision. The right to exercise this power is of the substance of the contract. It seems a natural inference that the Legislature intended this as a permissive provision that might be availed of by either of the referees, or by either of the parties, after the expiration of ten days, in order to insure the existence of a full board of referees within a reasonable time. But there is no good reason why the power of the two referees to make an appointment on the eleventh day after the appointment of themselves should be taken away, if neither of them and neither of the parties desires the assistance of the insurance commissioners. Of course, if after the expiration of the ten days an application in writing is made to the insurance commissioner, his jurisdiction attaches, and their jurisdiction to make an appointment ends. This follows by implication, without an express statement in the statute. But it seems to us it would be carrying the implication too far to hold that this statute is inconsistent with their taking action, according to the terms of the contract, within a reasonable time after the expiration of ten days, when no one attempts to act under the later statute.

It follows that the selection of the third referee was legal, and the defendant was right in insisting on the validity of the original submission, and in refusing to waive or impair its right to have the loss determined by the three referees chosen under it.

Even if this were not so, the plaintiff would fail, because he did not take the measures prescribed by the statute for a case of this kind. He did not obtain the appointment of a full board of referees in the only way in which he had a right to do it. The only action of any kind taken by the defendant, from which it might be contended that there was a waiver, was the choice of one of three names and the submission of three other names, in the letter replying to the plaintiff's suggestion of three new names. But this was accompanied by a full and express statement of a claim that the loss should be determined by the referees already chosen, and a refusal to waive or impair its rights in that particular. All its other communications were in the nature of affirmations of its rights growing out of the original submission to the two persons agreed upon. It cannot be found

.from this letter that the defendant waived its rights under the submission previously made. In connection with that submission, the rights of the plaintiff, in case of a failure of the two referees to agree upon a third, were fully protected by the statute. If he lost them, it was because of his failure to take action under the statute.

The presiding judge was right in directing a verdict for the defendant.

*Judgment on the verdict.*