# Bullock *v.* Mason.

## *Assumpsit.*

(Decided October 14, 1915.   69 South. 882.)

1. *Arbitration and Award; Submission; Revocation; Suit.*—The institution of a suit by one of the parties to a submission to an oral arbitration operates as a revocation of the submission, provided suit is begun before the award is made.

2. *Courts; Jurisdiction; Affidavit.*—Under section 5355, Code 1907, where plaintiff files his affidavit, the truth of the affidavit cannot be controverted, and its filing is conclusive of plaintiff's right to retain his judgment, and is a bar to a dismissal of the action.

3. *Arbitration and Award; Submission; Agreement.*—Where a party breaches his agreement to submit to arbitration and institutes a suit, defendant cannot recover damages for loss of time in attending the arbitration; for if there were any damages of that kind, it would be for attendance at trial of suit.

4. *Same; Effect.*—Where an agreement to submit to arbitration is reached, and plaintiff wrongfully instituted suit, costs of the arbitration assessed against the defendant by the award cannot be recovered by the defendant as damages for the breach of the agreement, although cost of the suit might be recovered.

5. *Same.*—Where defendant claimed, in an action against him, damages for plaintiff's breach of an agreement to submit the controversy to arbitration, counsel fees expended by defendant in the suit cannot be recovered without a showing that they were reasonable.

6. *Logs and Logging; Contract; Evidence.*—Where the action was for compensation on a logging contract, testimony of a witness as to scaling the logs, and that they were included in a statement made out by witness, is admissible.

7. *Appeal and Error; Review; Objection Below.*—In the absence of an objection that a statement itself should be offered, instead of testimony of its contents, the question whether the admission of evidence as to its contents, was error, is not raised.

8. *Same; Harmless Error; Evidence.*—A defendant cannot complain of the admission of any incompetent testimony favorable to the defendant.

[Bullock v. Mason.]

APPEAL from Andalusia City Court.

Heard before Hon. ED. T. ALBRITTON.

Assumpsit by J. A. Mason against J. B. Bullock. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from the Court of Appeals under section 6, Acts 1191, p. 449.

The action is on the common counts, founded on claims for compensation for cutting and hauling logs for defendant, and for merchandise and board furnished to defendant's servant. The amount claimed was $300, and the recovery was for $3, whereupon defendant moved the court to set aside the verdict and judgment and dismiss the suit under the provisions of section 5355, Code 1907. Plaintiff filed his affidavit that the amount of $164 was actually due, and that a recovery for the full amount was prevented by failure of proof. Along with other defenses, defendant interposed pleas of arbitration and award in bar of the action. It is not disputed that all the matters involved in this suit were submitted by oral agreement to a common-law arbitration. It appears, also without dispute, that about two months prior to the rendition of the final award, plaintiff stated to defendant that he would have nothing further to do with it, and forthwith instituted the present suit. At the close of the evidence, the trial judge, on motion of plaintiff, excluded all the evidence relative to the arbitration and award, and eliminated that issue from the case. Questions relating to evidence and instructions are sufficiently stated in the opinion. The report of this case on a former appeal will be found in *Mason v. Bullock,* 6 Ala. App. 141, 60 South. 432.

PARKS & PRESTWOOD, for appellant.

[Bullock v. Mason.]

JONES & POWELL, for appellee.

SOMERVILLE, J.—(1) On a former appeal of this case a judgment for defendant was reversed because of the erroneous assumption by the trial court that the plea of arbitration and award was conclusively established by the evidence.—*Mason v. Bullock*, 6 Ala. App. 141, 60 South. 432. The principles of law relating to common-law arbitration and award, and the right of either party to revoke the submission before final award, are there clearly defined, and we need not repeat the discussion.

It appears on this appeal that plaintiff declined to further participate in the arbitration proceedings, and instituted the present suit about two months before the award was made. It is well settled, both on principle and authority that: "The institution of a suit by one of the parties to a submission to arbitration operates as a revocation of the submission by implication of law, provided the suit is instituted before an award is made and published, and embraces the subject-matter in controversy specified in the submission."—*Williams v. Branning Mfg. Co.*, 153 N. C. 7, 68 S. E. 902, 31 L. R. A. (N. S.) 679, 138 Am. St. Rep. 637, note, 648, 21 Ann. Cas. 954, citing the authorities; 2 R. C. L. § 17, p. 370; 3 Cyc. 613 (III).

These conditions were met by plaintiff in this case, as the undisputed evidence shows, and we are constrained to hold that the trial court properly eliminated this defense from the case.

(2) The affidavit filed by plaintiff was sufficient to prevent the dismissal of his cause on the ground that the recovery was not within the jurisdiction of the court. The case of *First Nat. Bank v. Pinson*, 105 Ala. 588, 17

[Bullock v. Mason.]

South. 182, was decided under the former statute (Code 1896, § 3315), with a provision quite different from the present statute (Code 1907, § 5355).

The truth of the affidavit cannot be controverted, and its filing is conclusive of the plaintiff's right to retain his judgment.—*Ramsey v. Strobach,* 52 Ala. 513.

Assignments of error numbered 5, and 10 to 19, inclusive, relate to matters of evidence, and an examination of the record shows that the questions excluded called for answers which were clearly not relevant to the issues on trial.

(3) Although defendant could sue plaintiff for his breach of the agreement to arbitrate, and recover such damages as he may have proximately suffered, yet he could not recover for loss of time in attendance upon the arbitration proceedings. If there was any damage of this kind, it would obviously be for loss of time in attendance upon the suit. The trial judge did not err in excluding the evidence offered by defendant as to the number of days he attended the arbitration proceedings, and the value of his time.

(4) Nor were the costs assessed against defendant by the award of the arbitrators a result of plaintiff's breach of that agreement, although the costs of this suit might be so regarded.

(5) Whether reasonable attorney's fee paid for the defense of this suit would be recoverable in an action for the breach of the agreement, and whether they could, in any case, be regarded as part of a demand "subsisting between the parties at the commencement of the suit" so as to be the subject of set-off here (Code, § 5858), we need not determine. In any case, defendant's offer to show what fee he had paid his attorneys in that behalf, without offering also to show that they were reasonable fees, was properly rejected.

[Black v. Ryan.]

(6-8) One Beasley, who assisted plaintiff in scaling and measuring the logs cut and hauled for defendant, testified to the measurements for May, 1910, and up to June 18th, and that: "The logs at $1.75 per thousand that I measured in the woods were included in the first settlement [made between plaintiff and defendant for May, on a statement made out by this witness]."

He was then allowed, against defendant's general objection, to state that those logs were included "in that settlement and statement." This fact was relevant to the issues, and if obnoxious to the rule which might require the production of the statement itself (though it does not so appear), a special objection should have been made on that ground. Moreover, it seems clear that the fact objected to was necessarily favorable to defendant, since it showed satisfaction for the logs in question. There was no error as to this.

We find no error in the giving or refusal of instructions to the jury, and, there being no error in the record prejudicial to appellant, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.