172 So. 99

**Ex parte BIRMINGHAM FIRE INS. CO.**

**6 Div. 48.**

Supreme Court of Alabama.

Jan. 14, 1937.

Leader, Hill, Tenenbaum & Seedman, of Birmingham, for respondent.

Bradley, Baldwin, All & White, of Birmingham, for petitioner.

372

KNIGHT, Justice.

The petitioner, Birmingham Fire Insurance Company, has filed its original petition in this court praying for a writ of mandamus to issue to the Honorable Richard V. Evans, as judge of the circuit court of Jefferson county, requiring the respondent judge to set aside and vacate an order and judgment made by him sustaining demurrers to its motion to have a certain cause, wherein the petitioner is defendant and Ollie Belle Carr is plaintiff, transferred from the law side to the equity side of the docket; and to require the respondent to make said transfer.

It appears from the exhibits to the petition, and made a part of the same, that the said Birmingham Fire Insurance Company had issued to the said Ollie Belle Carr a policy of fire insurance, insuring certain property of the insured against destruction by fire, and that while said policy was in force, the property was wholly destroyed.

The insurance contract contained the following provisions:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy. It shall be optional, however, with this company to take all, or any part, of the articles at such ascertained or appraised value, and also to repair, rebuild, or replace the property lost or damaged with other or like kind and quality within a reasonable time on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do; but there can be no abandonment to this company of the property described.

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire."

After the loss occurred, the insurer and insured could not agree upon the amount of the loss, and, pursuant to the terms of the insurance contract, it was agreed that the amount of the loss should be ascertained by two appraisers, one to be appointed by the insured and one by the insurer, and providing further that the appraisers should first select an umpire, who should act with them in matters of difference only. Accordingly, the parties, on February 25, 1936, entered into a written agreement for arbitration, and each appointed an appraiser, and the two appraisers selected an umpire.

It is averred that the arbitrators entered upon their duties of appraising the loss under their appointment, and, while so engaged, the insured "declined and refused to proceed with the performance of said agreement and declined and refused to make available to the said appraisers and umpire for examination, inspection and investigation articles in her possession or under her control alleged to have been lost or damaged in the said fire, and declined and refused to submit to questioning by the said appraisers and umpire with reference to the said loss, and declined to furnish information at her disposal and necessary to the performance by the said appraisers and umpire of the said agreement." It is averred that on account of the insured's conduct the appraisers and umpire have been unable to carry out and consummate the said appraisal and to ascertain the amount of the loss as provided in the said policy and the said agreement; and that by reason of such conduct defendant has been irreparably damaged, and cannot be placed in statu quo otherwise than by the consummation of said appraisal and the performance of the said agreement.

It further appears that before any award was made by the appraisers, the

insured instituted a suit at law on the policy of insurance. The petitioner averred his readiness and willingness to perform all duties required of him by the agreement for arbitration, and also his readiness to pay any award that the arbitrators might make in the premises.

In its motion to transfer the cause to the equity docket, the movant averred, in terms, that he had an equitable right or defense, the decision of which should dispose of the cause and which cannot be disposed of on the law side of the court. But such equitable right or defense relied upon was predicated upon the facts above recited, taken in connection with the fact that, in proceeding with the arbitration, the petitioner had expended sums of money, and that his status quo could not be re-established.

The prayer of the motion was, that the suit at law on the policy of insurance be transferred to the equity side of the docket; that the court enjoin and restrain the plaintiff and her agents from interfering with or preventing the said appraisers "from examining, estimating, appraising and ascertaining the amount of the loss pendente lite; that the court enter an order requiring the plaintiff to carry out and perform the said agreement for submission to appraisers hereinabove referred to," and that the plaintiff be enjoined and restrained from instituting or prosecuting any other suit or action against the defendant to recover for the said loss under the said policy pending the determination of this suit.

The petitioner in his brief undertakes to make it clear that it is not asking the court "specifically to enforce an agreement to submit a controversy to arbitration, but it is asking the court to enjoin the plaintiff from interfering with the performance by the arbitrators of the agreement under which the amount of the loss has already been submitted to arbitration."

■ The courts are almost unanimous in declaring that equity will not decree specific performance of a contract to submit a cause to arbitration, while it will, in proper cases, entertain a bill to enforce an award. Caldwell v. Caldwell et al., 157 Ala. 119, 47 So. 268; Black v. Woodruff; 193 Ala. 327, 69 So. 97, Ann.Cas.1918C. 969; Bumpass v. Webb, 4 Port. 65, 29 Am.Dec. 274; Kirksey v. Fike, 27 Ala. 383, 62 Am.Dec. 768; Jones v. Blalock, 31 Ala. 180; 2 R.C.L.

§ 18, p. 370; 6 Pomeroy's Specific Performance of Contracts, § 291.

■ Under the terms of the policy contract now before us, it seems clear that the contract makes the submission to arbitration to ascertain the amount of loss, in the event of the inability of the parties to agree upon the amount, a condition precedent to any suit or action on the policy. Headley v. Ætna Ins. Co., 202 Ala. 384, 80 So. 466; Western Assurance Co. v. Hall & Bro., 120 Ala. 547, 24 So. 936, 74 Am.St.Rep. 48; Id., 112 Ala. 318, 20 So. 447; Hall v. Western Assur. Co., 133 Ala. 637, 638, 32 So. 257.

■ Such provisions in a contract of insurance have uniformly been held to be binding upon the parties. Authorities supra.

■ It is the duty of each party when a submission to arbitration has been made to act in good faith, and to make a fair effort to carry out such agreement and accomplish its objects. Hamilton v. Liverpool & London & Globe Ins. Co., 136 U.S. 242, 10 S.Ct. 945, 34 L.Ed. 419; Hamilton v. Home Ins. Co., 137 U.S. 370, 11 S.Ct. 133, 34 L.Ed. 708; Western Assurance Co. v. Hall & Bro., supra; Headley v. Ætna Ins. Co., supra; Bernhard v. Rochester German Ins. Co., 79 Conn. 388, 65 A. 134, 8 Ann.Cas. 298; Norwich Union Fire Ins. Society, Ltd., et al. v. Cohn (C.C.A.) 68 F.(2d) 42, 94 A.L.R. 494.

■ If the appraisal should fail, by reason of the fault of the insurer, and without fault on the part of the insured, the insured may bring his action on the policy to recover the loss, notwithstanding the policy provides that the loss shall be ascertained by appraisers and that no suit shall be commenced "until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." The insurer will not be allowed to take advantage of his own wrong in preventing the making of an award by the appraisers. Authorities supra.

■ Likewise, if the appraisers are prevented from making their award through the fault or acts of bad faith on the part of the insured, the absence of an award will bar an action by him on the policy. Hamilton v. Liverpool & London & Globe Ins. Co., supra; Hamilton v. Home Ins. Co., supra; Western Assurance Co. v. Hall

374

& Bro., supra; Headley v. Ætna Ins. Co., supra; Maryland Casualty Co. v. Mayfield, 225 Ala. 449, 143 So. 465; Bernhard v. Rochester German Ins. Co., supra; Southern Home Ins. Co. v. Faulkner, 57 Fla. 194, 49 So. 542, 131 Am.St.Rep. 1098; National F. Ins. Co. v. Lam, 34 Ga.App. 246, 129 S.E. 116; Lancashire Ins. Co. v. Lyon, 124 Ill. App. 491; Providence Washington Ins. Co. v. Wolf, 168 Ind. 690, 80 N.E. 26, 120 Am. St.Rep. 395; Zalesky v. Home Ins. Co., 102 Iowa, 613, 71 N.W. 566; Cowles v. Connecticut, F. Ins. Co., 113 Kan. 532, 215 P. 308; Continental Ins. Co. v. Vallandingham & Gentry, 116 Ky. 287, 76 S.W. 22, 105 Am.St.Rep. 218; Caledonian Ins. Co. v. Traub, 83 Md. 524, 35 A. 13; Paris v. Hamburg-Bremen F. Ins. Co., 204 Mass. 90, 90 N.E. 420; Morley v. Liverpool & London & Globe Ins. Co., 85 Mich. 210, 48 N.W. 502; Carp v. Queen Ins. Co., 104 Mo.App. 502, 79 S.W. 757; Williams v. German Ins. Co., 90 App.Div. 413, 86 N.Y. S. 98; Pioneer Mfg. Co. v. Phoenix Assurance Co., 106 N.C. 28, 10 S.E. 1057; Phoenix Ins. Co. v. Carnahan, 63 Ohio St. 258, 58 N.E. 805; St. Paul F. & M. Ins. Co. v. Kirkpatrick, 129 Tenn. 55, 164 S.W. 1186; Davis v. Atlas Assurance Co., 16 Wash. 232, 47 P. 436, 885.

Unquestionably the institution of a suit by one of the parties to a submission to arbitration "operates as a revocation of the submission by implication of law, provided the suit is instituted before an award is made and published, and embraces the subject matter in controversy specified in the submission. Bullock v. Mason, 194 Ala. 663, 69 So. 882; Williams v. Branning Mfg. Co., 153 N.C. 7, 68 S.E. 902, 31 L.R.A. (N.S.) 679, 138 Am.St.Rep. 637, note 648, 21 Ann.Cas. 954, citing the authorities: 2 R.C.L. § 17, page 370; 3 Cyc. 613 (111)."

It would follow, therefore, from the principles of law above announced, that if the insured has wrongfully prevented an award from being made and published, or that he has withdrawn from the arbitration and brought suit on the policy, before securing an award on the arbitration, without any fault on the part of the insurer, such action or actions on the part of the insured would be a bar to the action at law brought by the insured upon the policy.

The facts set out in the motion for a transfer of the law case to the equity side of the docket being pleadable at law in bar of the action brought by the insured on the policy, the petitioner shows no equitable right to a transfer of the cause, and, therefore, the court committed no error in sustaining the defendant's demurrer to the motion filed for the transfer of the cause. Petitioner's remedy at law is full and adequate.

It follows, therefore, that the demurrer filed here by the respondent judge to the petition for mandamus must be sustained, and the mandamus prayed for denied.

Mandamus denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.