Zottoli, J.
This is an action of contract brought by the plaintiff to recover for an alleged fire loss covered by the terms of a policy of insurance issued by the defendant on July 24,1930, effective from July 16,1930. The plaintiff’s declaration, insofar as the matter therein is of importance to the issues presented by the report of the trial judge, after alleging the issuance of the policy, the loss under it, and *458 the compliance with certain terms of the policy, sets forth a claim respecting a waiver of the provisions of the policy concerning the apprisal therein referred to. The defendant’s answer, in brief, sets up misrepresentation, fraud, and attempted fraud, both before and after the loss, a general denial together with affirmative allegations of failure of the plaintiff to bring the action seasonably, and a further allegation that the action was prematurely brought.
It appeared in evidence that the loss in question occurred on July 29, 1930. The plaintiff’s writ is dated October 22, 1935. After the trial had proceeded for about thirty days “it was stipulated by counsel for both parties that they should present all evidence which would enable the court to find the facts which would raise the question of law as to whether the plaintiff’s action was brought prematurely because of non-compliance with the terms of the policy relative to the ascertainment and estimate of the loss by appraisers, or too late, and upon completion of this evidence the court suspend the further trial of the case and find such facts as would be warranted by that portion of the evidence, report such findings and the questions of law raised thereby to the Appellate Division for determination, and that to protect the interests of both parties in the event that the court had no such authority the court would make rulings of law upon the facts thus found, and would make an appropriate order or general finding for one or other of the parties, and' that the aggrieved party would file a request for report of said rulings, and1 that the court would report the same to the Appellate Division for determination.” The report further states that “the court thereupon ordered the case to proceed under said stipulation and the trial proceeded in accordance therewith.” The policy in question was offered and admitted in evidence. Among others, not now important, it contained the following provisions:
*459 ‘1 This Company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and in no event for an amount in excess of that specified in the policy and the loss or damage shall be ascertained or estimated according to such actual cash value with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the Assured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the Assured and this Company, or, if they differ, then by appraisers, as hereinafter provided; and the amount of loss or damage having been thus determined, the sum for which this Company is hable pursuant to this policy shall be payable sixty days after due notice, ascertainment, and satisfactory proof of loss have been received by this Company in accordance with the terms of this policy. It shall be optional, however, with this' Company to take all, or any part of the articles at such ascertained or appraised value and also to repair or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice within thirty days after receipt of the proof herein required, of its intention so to do; but there can be no abandonment to this Company of the property described.”
“In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the Assured and this Company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately the sound value and damage, and failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of such loss; and the parties thereto shall pay the appraisers respectively selected by them, and shall bear equally the expenses of the appraisal and umpire”
“In the event of loss immediate notice with full particulars must be given or mailed by the Assured to this Company or its agents. Failure to present Claim *460 within three months from date of loss invalidates the same.”......
“No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the Assured shall have fully complied with all the foregoing requirements, nor unless commenced within twelve months next after the happening of the loss, provided that where such limitation of time is prohibited by the laws of the state wherein this policy is issued, then and in that event no suit or action under this policy shall be sustained unless commenced within the shortest- limitation permitted under the laws of such state.”.....
After the stipulation was entered into, the court heard the evidence of the parties on the issues therein outlined. Counsel for both parties having informed the court that the evidence introduced “was all the evidence either of them had to offer as bearing upon the question as to whether the plaintiff brought this action either prematurely because of non-compliance with the terms of the policy relative to the ascertainment and estimate of the loss by appraisers or too late”, suspended the trial and allowed the plaintiff .to file the following requests for rulings:
“(1) Under the terms of the stipulation of the parties the Court is precluded as matter of law from making a finding of fact that the plaintiff brought this action prematurely because of the non-compliance with the terms of the policy relative to the ascertainment and estimate of loss by appraisers, or a finding of fact that the plaintiff brought this action too late. ’ ’
“ (2) Under the terms of the stipulation of the parties the Court has no authority as matter of law to make a finding of fact that the plaintiff brought this action prematurely because of non-compliance with the terms of the policy relative to the ascertainment and estimate of loss by appraisers or a finding of fact that the plaintiff brought this action too late.” The Court denied these requests, and of its own motion reported “the evidence and facts” set out in the report “to the Appellate Division for determination.of the following questions of law”: If it had authority so to *461 do under and by virtue of Chapter 231, section 8, of the General Laws (Ter. Ed.) or otherwise; (1) Did the plaintiff bring this action prematurely because of non-compliance with the terms of the policy relative to the ascertainment and estimate of the plaintiff’s loss by appraisers; ? (2) Based upon the facts set forth in this report, did the plaintiff bring this action too late? The Court made the further statement, — “If I have no such authority, then insofar as it is a question of fact, and solely upon the evidence herein reported, I find, and insofar as it is a question of law, I rule, that the plaintiff brought this action prematurely, because of the non-compliance with the terms of the policy relative to the ascertainment and estimate of the loss by appraisers, and find for the defendant. If the foregoing finding of fact is not warranted, and the foregoing ruling of law is error, then, insofar as it is a question of fact I find, and insofar as it is a question of law I rule, that the plaintiff brought this action too late, and find for the defendant. ’ ’
During the course of the trial the defendant offered an officially printed but unauthenticated transcript of an action brought by the plaintiff against the defendant. Counsel for the plaintiff agreed “that for the purpose of this case said officially printed but unauthenticated transcript of said record might be considered by the Court in the same light as if duly attested and authenticated, but objected to its admission as such in evidence. 'The Court ruled “said transcript of the record admissible (for seven stated purposes) and received the same as part of the defendant’s evidence, against the objection of the plaintiff who duly requested that said ruling be reported.”
It thus appears that three contentions are presented by this report: (1) Did the court err in denying the plaintiff’s two requests for rulings? (2) Did the court err in admitting the record above referred to into evidence? (3) Was the court’s general finding warranted by the evidence? The plaintiff’s first contention is not tenable. In inter *462 pretin,g the meaning of a writing the court’s first duty is to put itself in the place of the parties to it and then to read it giving to the words their plain and ordinary meaning in the light of the circumstances and, in view of the subject matter, the acts of the parties and their relation to each other, cf. Warner v. Brown, 231 Mass. 333, 335, Brown v. Little, Brown & Co., Inc., 269 Mass. 102, 112, Malaguti v. Rosen, 262 Mass. 555, 560. The intention of the parties drawn from the entire writing interpreted in the light of the surrounding circumstances, is to be ascertained and applied. Lovell v. Com. Thread Co. Inc., 272 Mass. 138, 140, Marcelle Inc. v. Sol. S. Marcus Co., 274 Mass. 469, 473, Clark v. State Street Trust Co., 270 Mass. 140, 151, Burrows v. Fuller, 253 Mass. 79, 83.
In Brown v. Little, Brown & Co. Inc., 269 Mass, 102 at 112, the Court well said, “The significance of words of doubtful import or susceptible of different meanings may take color from the time and circumstance of their use and the presumed intention of the parties in connection with all the attendant conditions. Every instrument in writing is to be interpreted in the light of all pertinent facts within the knowledge of those who signed it, and in such a manner as to give effect to the main end designed to be accomplished. ’’
These considerations apply with equal force to the situation here presented. The parties had spent about thirty days in presenting evidence to the Court when it evidently appeared that there was an obstacle in the path of recovery which if not removed prevented it. The policy provided for appraisal and arbitration in case of disagreement as to the amount of the loss. The plaintiff concedes, and we think rightly so, that this was a condition precedent to the right of recovery. This has been well established law in a number of jurisdictions. Grady v. Thorne Fire *463 and Marine Ins. Co., 27 R. I. 435, 443, Chauncy v. Royal Ins. Co. Ltd., 275 Mass. 243, 245, Hood v. Hartshorn, 100 Mass. 17, Boyle Sons v. Ins. Co., 169 Pa. St. 349, 357, Caledonian Ins. Co. v. Traub, 83 Md. 524, Williams v. German Ins. Co., 86 N. Y. S. 98, Ex Parte Birmingham Fire Ins. Co. (Ala.) 172 So. 99, and see Restatement of the Law, Contracts, Sec. 261, Ill. 3.
The plaintiff further agrees that the condition precedent had not been fulfilled. His position in substance is that this requirement had been waived by the defendant. It is obvious from the cases above cited that if the appraisement failed without the fault of the assured, the failure would not be any impediment to his right of recovery if he could maintain his suit on other grounds. The primary objective of the stipulation was to determine whether there had been a waiver. It obviously was the sensible thing to do. To try out issues relating to fraud and damages before the primary issue had been determined might well have resulted in a useless waste of time and money. The Court always has the power in a proper case to separate the issues for trial. As is pointed out in the case of Lemack v. Investors Syndicate, No. 395309 (of 1935) “deferring the issue of damage till liability is settled is a familiar illustration.....a due regard to public expense and the rights of other litigants in a busy court may require that the primary issues be first tried.....such power is inherent in all courts.” cf. Spoor v. Spooner, 12 Met. 281, 285, Viaux v. John T. Scully Foundation Co., 247 Mass. 296, 301. Another circumstance bearing on the meaning to be attached to that stipulation is the fact that where the question raised is one that affects the jurisdiction of the court or where it appears that the objection urged is fatal to the plaintiff’s right of recovery it is the duty of the Court to take notice of it even though the parties raised no question concerning it, and had not stipulated with ref *464 erenee to it. Paige v. Sinclair, 237 Mass. 482, Slater v. Ranson, 1 Met. 450, 458, Lyon v. Prouty, 154 Mass. 488, 490, Bond v. Bond, 7 Allen 1, 6, Hanly v. Eastern S. S. Co., 221 Mass. 125, 135, Noyes v. Noyes, 224 Mass. 125, 134, cf. King v. Nicols, 138 Mass. 18, 23, Board of Assessors v. Suffolk Law School, 295 Mass. 489, 495. Under any circumstances, the Court could not ignore the fact, if so it appeared, that the action was prematurely brought. Dowling v. Dooley, No. 214842 Municipal Court of the City of Boston, cf. Warner v. Bacon, 8 Gray 397, 401.
It is hardly conceivable that the Court, at the time the stipulation was made, did not have in mind that the burden was upon the plaintiff to establish he had a right of action at the time of the commencement of the action. This was a condition precedent to the plaintiff’s right to recover damages. Until that was proved tbe defendant had no case to meet, and unless it was proved the plaintiff could not properly be allowed to recover. Benthal v. Hildreth, Exr., 2 Gray 288, Morrison v. Clark, 7 Cush. 213, 214, Wilder v. Colby, 134 Mass. 377, 380, cf. White v. E. T. Slattery, 236 Mass. 28, 31, Freeman v. Hedrington, 204 Mass. 238, 240, Waterhouse v. Levine, 182 Mass. 407, 408, Franklin Savings Bank v. Reed, 125 Mass. 365, DeNuccio v. Caponigro, 259, Mass. 365, 367.
Viewing the stipulation in the light of all the surrounding circumstances, it is plain that it was the intention of the parties to it to have the Court hear all the evidence relating to the issue of waiver set out in the plaintiff’s declaration; to determine that issue and to “report such findings and questions of law raised thereby to the Appellate Division for determination” . . . and “in the event that the Court had no such authority, the Court would make an appropriate order or general finding for one or the other of the parties and that the aggrieved party would *465 file a request for report of said rulings, and that the Court would report the same to the Appellate Division for determination”.
It is plain under the terms of the stipulation that if the trial judge had no authority to report subsidiary findings, without making a decision or general finding, then it was empowered to make the general finding and it would follow that the plaintiff’s requests were rightly denied. We think it is plain that the Court, under the circumstances shown by this report, had no power to refer the subsidiary findings to the Appellate Division without making the “decision thereon” required by St. 1931, Ch. 325, sec." 1, (now Gen. Laws (Ter. Ed.) Ch. 231, sec. 108). Before this act was passed “a case” or cause could not be submitted to the Appellate Division for determination. The jurisdictional field of the Appellate Division embraced only questions of law duly saved, cf. Reid v. Doherty, 273 Mass. 388, Loams v. Gast, 216 Mass. 197, 199, Himelfarb v. Novadel Agene Corporation, Mass. A. S. (1940) 499. The Act of 1931, Ch. 325, sec. 1 broadens the jurisdictional field and gives the trial court power to report a “case” under conditions there stated. But the authority thus granted is limited by the express terms of the statute which states that the “single judge may” . . . (do so) . . . “after decision thereon”, cf. Riverbank Improvement Co. v. Chapman, 224 Mass. 424, 425. It does not authorize or empower the trial court to report “all interlocutory or subsidiary rulings which are not determinative of the case”; Krock v. Consolidated Mines and Power Co., 286 Mass. 177, 179; nor does it empower a court to report subsidiary findings to an Appellate Division, intending thereby to ' leave to it the duty of making the final decision or general finding therefrom, cf. East Hampton Bank & Trust Co. v. Collins, 287 Mass. 287. The duty of weighing evidence, *466 and. of reaching conclusions thereon is still with the trial judge; it is not a function of the Appellate Division to find facts. Mass. Building Finish Co., Inc. v. Brenner, 288 Mass. 481, cf. Atlantic Marine Co. v. Gloucester, 228 Mass. 519, 521. Even where facts are found, whether a party is entitled to have the findings reviewed depends on whether the issue has been made a question of law. Lender v. London, 286 Mass. 45, Reid v. Doherty, 273 Mass. 388, 389, cf. American Congregational Ass’n. v. Abbot, 252 Mass. 538.
From what has been stated it appears that the alternative action of the trial court was the proper method sanctioned by the statute, and that it also complies with the terms of the stipulation. It follows that the plaintiff’s requests were rightly denied. This leaves the situation as one in which the Court has made a voluntary report of the “case”, cf. East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218, 219, Clark v. Barringer, 273 Mass. 107. The remaining questions presented for review, viz, “whether the Court erred in admitting the record herein referred to into the evidence, and whether there is reversible error in the Court’s ‘finding’ — in so far as it is a question of fact — and ‘ruling’ in so far as it is a question of law”, . . . “that the plaintiff brought this action prematurely”; and in its general “finding for the defendant” may be considered together. What has been called the “not well chosen” . . . “common formula find and rule”, has been interpreted to present the simple question whether the general finding is permissible on the subsidiary facts found. In other words, such “a formula” requires a reviewing court “to support the decision if warranted upon the evidence”. Sylvester v. Shea, 280 Mass. 508, Royal Paper Box Co. v. Munroe & Church Co., 284 Mass. 446, 450, Johnson v. Rosengard, Mass. A. S. (1938) 281, 282, Gaw v. *467 Hew Construction Co., Mass. A. S. (1938) 855, 856, Flesher v. Hander, A. S. (1939) 1189, 1190. We feel that the record of the former case was properly admitted and that the Court’s general finding is supported by the evidence and subsidiary findings reported. A policy of insurance is a contract. It is construed and interpreted according to the fair and reasonable meaning of the words in which the agreement of the parties is expressed. When a contract has been made “plain in its words and free from doubt as to its meaning the parties must be held to be bound even though the result may seem to be hard upon one or both of them”: The contract, if legal, must be enforced according to its terms. Koshland v. Columbia Mutual Ins. Co., 237 Mass. 467, 471, 472. Rosenfeld v. Boston Mutual Life Insurance Co., 222 Mass. 284, 287. If the contract contains no clause excusing a party from performance, and the breach is so important that it amounts to a breach of contract, the other party may refuse to go on. Ordinarily, whether the breach is serious enough to justify refusal of further performance, is a question of fact. This rule is fundamental and has been applied in a variety of cases. Bradley Lumber & Roofing Co. v. Cutler, 253 Mass. 37, 48, Glazer v. Swartz, 276 Mass. 54, Cobb v. Library Bureau, 268 Mass. 311, 316, Soars v. Weitzman, 281 Mass. 409, Andre v. McGuire, Mass. A. S. (1940) 599.
It must be borne in mind that a general finding for the defendant imports a finding in favor of the defendant of all subsidiary facts necessary to that conclusion. Adams v. Balme, 254 Mass. 170, Lender v. London, 286 Mass. 45, Standard Oil Co. of N. T. v. Malaguti, 269 Mass. 126, 129. Furthermore it has been well said that “the general and special findings are to stand if warranted upon any possible view of the evidence and not vitiated by error of law”, — • and “the general finding imports findings of fact *468 so far as warranted by the evidence not inconsistent with the special findings”. Commissioner of Blanks v. Chase Securities Corp., Mass. A. S. (1937) 1379, 1382.
There are a number of circumstances which lead to the conclusion that the judge’s general finding cannot be disturbed. Under the policy in question the defendant bargained for and was entitled in the event of loss “to immediate notice with full particulars”.....The “rule of reason” applies to such expressions. It has been well said that “The time required for this purpose must vary with the character and extent of the property injury, the intimacy of the relation of the owner to it, and the circumstances peculiar or personal to himself in which at the moment he may be placed”. Greenough v. Phoenix Insurance Co., 206 Mass. 248, cf. McCarthy v. Rendle, 230 Mass. 35, Fitchburg Savings Bank v. Mass. Bond & Ins. Co., 274 Mass. 135, 154, McNees v. Ins. Co., 69 Mo. App. 232, 245. Where as here the facts as to whether the “full particulars” have been furnished are in dispute and the motives of the parties are involved in the question, the issue is one of fact. Spoor v. Spooner, 12 Met. 281, 285, Douglas Axe Mfg. Co. v. Gardner, 10 Cush. 88, Joy v. Sears, 9 Pick. 4, cf. Williams v. Powell, 101 Mass. 467. The stipulation in the policy which provides that “the ascertainment or estimate (of the loss) shall be made by the Assured and this Company, or, if they differ, then by appraisers, as hereinafter provided”. . . . contemplates an actual effort to agree. WThen this effort fails and not until then, either party possess the right to say “we differ” and our points of difference must be referred to arbitrament under the terms of the policy. The assured has no more right to disregard the first method in the contract than the insurer. Neither can insist on the second who has not shown himself ready and willing to enter upon the first “because *469 these remedies are not optional to either. They are successive unless both agree to the contrary”. The insurer had a right to insist that the assured furnish it with the information it contracted for so that it might intelligently guage its course of conduct under the terms of the policy. McNees v. Ins. Co., 169 Mo. App. 232, 240, of. Boyle Sons v. Ins. Co., 169 Pa. St. 349, 357. It is obvious that the evidence warrants a finding that the plaintiff failed to carry out its obligations to the defendant in this regard, though requested so to do. Furthermore, the ascertainment of the amount of loss by appraisement was a condition precedent to a right of action, and if the appraisers selected failed to agree upon an umpire, this did not of itself justify the suit for the amount of the loss. In the absence of bad faith or acts intended to defeat arbitration on the part of the insurer, the assured is required to propose the selection of other arbitrators to the end that an award may be agreed upon and the basis for action determined. Grady v. Home Fire and Marine Ins. Co., 27 R. I. 435, 443, Hood v. Hartshorn, 100 Mass. 17, Boyle Sons v. Ins. Co., 169 Pa. Sit. 349, 357, Caledonian Ins. Co. v. Traub, 83 Md. 524, 533, Williams v. Germain Ins. Co., 86 N. Y. S. 98, Ex Parte Birmingham Fire Ins. Co., 172 So. 99, 101. cf. Restatement of the Law, Contracts, Sec. 261, Ill. 3.
It appears from the report that before the umpire was selected the insured questioned the fitness of the defendant’s appraiser to act, and thereafter, before an umpire was chosen brought suit in the Suffolk Superior Court, alleging in substance that it had complied with the provisions of the policy, except that relating to appraisal and that appraisal had been waived by the defendant because of its conduct. At common law, the institution of suit by one of the parties to a submission to arbitration, operated as a revocation of the submission by implication of law, pro *470 vided the suit was instituted before an award was made and published, and embraced the subject matter in controversy. Bullock v. Mason, 194 Ala. 663, Williams v. Branding Mfg. Co., 153 N. ,C. 7, Ex Parte Birmingham Fire Ins. Co., 172 So. 99, 102. It further appears from the report that the plaintiff failed to maintain the action above referred to. This in itself justified the Court in finding that the plaintiff wrongfully withdrew from the arbitration and brought suit on the policy before securing an award on the arbitration. Such action on the part of the insured might well bar a later action upon the policy, cf. Ex Parte Birmingham Fire Ins. Co., 172 So. 99, 102, supra., and cases cited. Moreover, the bringing of the action in the Superior Court, before the umpire had been chosen, was inconsistent with an ascertainment by appraisal as provided by the terms of the policy. Under these circumstances the Court could find not only that the information the defendant was entitled to was not furnished within a reasonable time, but also that the plaintiff had unreasonably abandoned the appraisal, and, therefore, the defendant was not put in default and its obligation to the plaintiff under the contract was at an end before the plaintiff brought this action, cf. Campbell v. Whorisky, 170 Mass. 63, 67. Aronson v. Sol & S. Marcus Co., 292 Mass. 389, 395. Furthermore there is no evidence in the correspondence which took place between the parties or their respective attorneys which compels a finding of waiver of the conditions precedent, cf. Rockwell v. Hamburg-Bremen Fire Ins. Co., 212 Mass. 318, 322, Ubaniak v. Firemans Ins. Co., 227 Mass. 132, 134, McCarthy v. Rendle, 230 Mass. 35, Fitchburg Savings Bank v. Mass. Bond & Ins. Co., 274 Mass. 135, 154.
Under all the circumstances reported the court was warranted in its special and general findings. Whether the *471 plaintiff acted reasonably, and whether his motives for the delay were honest or otherwise were questions of fact for the trial judge. Spoor v. Spooner, 12 Met. 281, 285, supra, Douglas Axe Mfg. Co. v. Gardner, 10 Cush. 88. Joy v. Sears, 9 Pick. 4, cf. Messler v. Williamsburg City Fire Ins. Co., 42 R. I. 460, McNees v. Ins. Co., 69 Mo. App. 232, 245, supra. Greenough v. Phoenix Ins. Co., 206 Mass. 248. It sufficiently appears from what has already been said that the contention of the plaintiff that the record of the former trial of his action in the Superior Court and the District Court of the United States, was not admissible in evidence, is not sound. In short, the conduct of the plaintiff was competent as bearing on the issue as to whether he had acted reasonably in his refusal to comply with the provisions of the policy requiring him to inform the defendant as to the particulars of loss and to go forward with the arbitration. Moreover, the provision of Gen. Laws, Ch. 231, sec. 87 to the effect that “pleadings shall not be evidence on the trial” . . . was intended to apply to the trial of the case in which the pleadings were filed. When offered in the trial of another case they may be introduced if material to the issue and if made by the party personally or by his authorization, or if adopted by the party. Clark v. Taylor, 269 Mass. 335, 336. In view of the specific findings of the trial judge that after removal of the case to the United States Court “all proceedings in said case were had and taken with full knowledge of the plaintiff, and with his approval in so far as they were taken on his behalf” . . . it is clear that the record was admissible on the issues of intention, diligence and good faith of the plaintiff. Clarke v. Taylor, 269 Mass. 335, 336, Peck v. New England Tel. S Tel. Co., 225 Mass. 464, 466, DeMontagne v. Backarach, 187 Mass. 128, 132, 133.
*472 From what has been said it is manifest that because of the failure of the plaintiff to comply with the conditions of the policy the action cannot be maintained. In view of the conclusion reached it is unnecessary to consider whether the plaintiff is precluded from recovery upon other grounds argued by the defendant. Report dismissed.